◼     In the Matter of DUNN GARDEN APARTMENTS, INC., Respondent, against COMMISSIONER OF ASSESSMENT AND TAXATION OF THE CITY OF TROY et al., Appellants. In the Matter of DUNN GARDEN APARTMENTS, INC., Respondent, against COMMISSIONER OF ASSESSMENT AND TAXATION AND BOARD OF TAX REVIEW OF THE CITY OF TROY et al., Appellants. In the Matter of DUNN GARDEN APARTMENTS, INC., Respondent, against COMMISSIONER OF ASSESSMENT AND TAXATION AND BOARD OF TAX REVIEW OF THE CITY OF TROY, Appellants.— Appeal from an order of the Supreme Court at Special Term, which, in conformity with the report of a Referee, reduced from $1,500,000 to $621,500 for each of the years 1957, 1958 and 1959, the assessment of an apartment house property in the city of Troy. The improvement, upon a site upwards of 11 acres in area, comprises 12 separate multi-unit apartment buildings with residence accommodations for 191 families, 4 multi-unit garage buildings with stalls for the storage of 64 automobiles and a garbage utility building. The construction of the project was commenced in 1950 and completed in 1953, and was financed pursuant to section 608 of the National Housing Act (U. S. Code, tit. 12, § 1743), originally intended to encourage the construction of housing for war workers, and amended May 22, 1946 (60 U. S. Stat. 214) to provide priority to applicants for apartments who should be veterans of World War II. The parties agree that the property is without true market value. The Referee, being of the same opinion, reached his determination by capitalization of the potential net income of the property, holding this "the only fair and reasonable basis". We consider that while this was a material and extremely important element it was but one of several factors which should have been considered. There was relevant evidence of the cost of reproduction less depreciation, the range of the expert testimony being from approximately $353,000 (which figure

gave ·effect to physical depreciation of 1%, to obsolescent depreciation of 10% and to economic depreciation of 70%) to approximately $1,754,000. Appellants . stress the proof· that· the mortgage insured under the National Housing Act was for $1,590,800. Insofar as the mortgage transaction may bear on the issue of value in this case, however, it is important to note that the act (§ 608, subd. b) applied the tests of "necessary current cost" and "replacement cost", providing pursuant to a 1946 amendment (60 U. S. Stat. 214) that the mortgage should not exceed 90% of the necessary current cost, which included not only the land and improvements but architects' fees, taxes and interest accrued during construction "and other miscellaneous charges incidental .to construction and approved by the Administrator"; and a 1948 amendment (62 U. S. Stat. 1269) adding the proviso that the mortgage should not, in any event, exceed 90% of the Administrator's estimate of replacement cost as of December 31, 1947. Thus, the fact of the mortgage of nearly $1,600,000, while of weight, is not of controlling evidentiary effect and serves principally to buttress appellants' proof of replacement cost, which, however, we have found to be but one of the relevant factors. To be considered, also, was the sale in 1956 of the capital stock of the petitioner corporation for $36,000 at a time when. the realty in question was petitioner's only substantial asset and petitioner's liabilities exceeded $1,700,000. It is true that, under the circumstances, the purchase of the corporation might have been impelled by one or more of various reasons or expectations not directly related to present investment value, but it must nevertheless be given weight in the process of evaluation. Upon the entire record we find the full value of the property (Tax Law, § 8, as effective prior to Oct. 1, 1959) to have been $1,200,000. The ratio of assessed valuation to full value generally was concededly 75%. Accordingly, the assessment should· have been reduced to $900,000. We find without substantial merit appellants' objection to an exhibit consisting of compilations made ·by an accountant from the books. and other records of the corporation pertinent to the capitalization-of-net income method of valuation. The corporate books were properly .in evidence; and, indeed, appellants consented to their admission, and it is not necesary that their accuracy be established by an audit, as appellants seem to contend, in order to qualify a . compilation therefrom prepared for the convenience of court and counsel and to expedite the proof. Appellants' objections go only ·to the weight of the evidence, much of which may be. tested by recourse to other proof in the case. There are errors in the questioned exhibit, but none of great moment, and we do find evidence adequate to the proper consideration of value on the basis of actual and potential earnings, so far as that factor is necessary to our final determination. Order modified, on the law and the facts, to reduce the assessment for each of the years in issue to $900,000, of which $21,500 is upon the land, and to delete the provision for an extra allowance, and, ·as so modified, affirmed, without costs. Settle· order. Bergan, P.· J., Coon, ·Gibson, Herlihy and Reynolds, JJ., concur.