■ In the Matter of SOL G. ATLAS REALTY INVESTMENT et al., Respondents-Appellants, v. JOSEPH J. LENNOX et al., Constituting the Board of Review of the City of Yonkers, Appellants-Respondents. (And Two Additional Proceedings.) — In consolidated proceedings to review assessments of real property for taxation for the tax years 1953 through 1961 (1) the Board of Review of the City of Yonkers appeals from so much of a judgment of the Supreme Court, Westchester County, dated March 13, 1970 and made after a hearing before a Referee who had been appointed to hear and report, as (a) reduced the assessments for the tax years 1959, 1960 and 1961 as follows: for 1959 from a total of $8,708,100 to $8,312,000, for 1960 from a total of $11,823,750 to $8,750,000 and for 1961 from a total of $11,823,750 to $8,750,000 and (b) awarded petitioners costs and disbursements, including stenographers' fees and the Referee's fee; and (2) petitioners cross-appeal from the same portions of the judgment (for inadequacy of the reductions) and also from the further portions of the judgment which confirmed the assessments for the tax years 1953 through 1958 and dismissed the petitions as to said tax years. Judgment modified, on the law and the facts, (1) by striking therefrom the first three decretal paragraphs, which reduced the assessments for the tax years 1959, 1960 and 1961, and by substituting therefor a provision that the assessments for those tax years are confirmed in all respects and that the petitions with respect thereto are dismissed; and (2) by striking therefrom the eighth decretal paragraph, which awarded petitioners costs and disbursements, including all of the disbursements for stenographers' fees and the Referee's fee, and by substituting a provision awarding petitioners the costs and disbursements of the proceedings, but limiting the inclusion of said disbursements for the stenographers' fees and the Referee's fee to one half thereof. As so modified, judgment affirmed insofar as appealed from, without costs. In the light of the record herein, petitioners properly proceeded on their petition allegations of "inequality" of the assessments. We agree with the Special Term concerning the denial of the reductions sought for the tax years 1953 through 1958. However, we do not agree with the Special Term as to the reductions allowed for the tax years 1959, 1960 and 1961. By deed dated January 28, 1960 and

recorded on January 29, 1960, petitioner Cross Properties, Inc., sold the subject property to petitioner County Dollar Corporation, for approximately $22,500,000, pursuant to an arm's length sale. This consideration was paid by $8,819,000 in cash, as evidenced by revenue stamps of $9,700.90 affixed to the deed, and by the purchaser taking the property subject to mortgages thereon which had been executed and delivered to financial institutions between 1954 and 1957 for loans to petitioner Cross Properties, Inc., in the original total amount of $15,275,000. There was a principal balance of approximately $13,700,000 owing on said loans as of the date of the delivery of the deed. This sale, in our opinion, is evidence of "the *highest rank* to determine the true value of the property as of that time" (*Matter of Woolworth Co.* v. *Tax Comm. of City of N. Y.*, 20 N Y 2d 561, 565 [emphasis in original]), which the Special Term was warranted in accepting to establish the reasonable value of the subject property during the tax years 1959, 1960 and 1961 (to the same effect, see *Matter of Lane Bryant* v. *Tax Comm. of City of N. Y.*, 21 A D 2d 669, 670, affd. 19 N Y 2d 715; *Matter of Metropolitan Life Ins. Co.* v. *Tax Comm. of City of N. Y.*, 22 A D 2d 870; *Matter of Morganroth* v. *Tax Comm. of City of N. Y.*, 22 A D 2d 860; Lee and Le Forestier, Review and Reduction of Real Property Assessments, § 1:04). Petitioners' former attorney who had represented petitioners at the hearing before the Referee, in support of his contention that the above-mentioned sale of the property was not evidence establishing the actual value thereof during the period at issue, in effect represented to the Referee, on a number of occasions, that he would produce the contract of sale and Mr. Atlas or other principals of petitioners to confirm his contention that the sale price of about $22,500,000 was greatly in excess of the actual value of the property because of other factors involved in the sale. But he failed to abide by his said representations and the only evidence of probative force and effect produced by petitioners and received in evidence was the above-mentioned deed dated January 28, 1960 which, as hereinbefore pointed out, established a price of approximately $22,500,000. In our view, in the light of the above-mentioned sale of the property and the mortgage loans by financial institutions, the assessments for the tax years 1959, 1960 and 1961 were reasonable, even if there would be added to those assessments 30% of the amount thereof in order to apply the 70% ratio to full value generally applied to assessments in the City of Yonkers (cf. *Matter of Resin Realty Corp.* v. *Lennox*, 15 A D 2d 794). Latham, Acting P. J., Shapiro, Gulotta and Brennan, JJ., concur; Benjamin, J., not voting.