■ In the Matter of ROOSEVELT NASSAU OPERATING CORP., Appellant, v. BOARD OF ASSESSORS OF THE COUNTY OF NASSAU, Respondent.— Order of the Supreme Court, Nassau County, entered March 25, 1971, which resettled a judgment of said court entered February 18, 1971, affirmed. No opinion. Appeal from said judgment as originally entered dismissed as academic. The original judgment was superseded by said order. Respondent is awarded one bill of costs to cover the appeal from the order and the original judgment. Hopkins, Acting P. J., Latham, Gulotta, Brennan and Benjamin, JJ., concur.

■ In the Matter of SETA S. VOGEL, Respondent, v. HAROLD VOGEL, Appellant.— In a support proceeding pursuant to article 4 of the Family Court Act, the appeal is from an order of the Family Court, Rockland County, dated June 23, 1972, which directed appellant to pay (1) $250 a week, $125 thereof for support of his wife (petitioner) and $125 for support of his son, (2) premiums for health and accident insurance and for life insurance and (3) debts of $1,334.19. Order modified, on the facts and in the interests of justice, by (1) reducing the award of support to $180 a week, $90 for petitioner and $90 for the child, and (2) striking from the provision directing payment of insurance the words "and the life insurance policies". As so modified, order affirmed, without costs. We are of the view that the support order was excessive to the extent indicated herein. There is no legal basis for the direction to maintain the life insurance policies (Enos v. Enos, 41 A D 2d 642). Munder, Christ, Brennan and Benjamin, JJ., concur; Hopkins, Acting P. J., concurs, as to striking the provision regarding maintenance of the life insurance policies under constraint of Enos v. Enos (41 A D 2d 642).