■ In the Matter of RIVER HOUSE COMPANY, Respondent, v ASSESSOR OF THE CITY OF BINGHAMTON et al., Appellants.—Appeal from an order of the Supreme Court, entered February 13, 1976 in Broome County, which reduced the assessment on petitioner's property located in the City of Binghamton. This proceeding was initiated pursuant to article 7 of the Real Property Tax Law. After a trial the court reduced petitioner's assessment to $289,900, reflecting a full market value substantially less than a first mortgage on the property as of the taxable status date. In arriving at its decision and commenting on the significance of the mortgage, the Trial Judge stated that "A great deal of weight is not accorded to this type of evidence in tax assessment proceedings [citations omitted]. Such facts may certainly constitute an admission on the part of the property owner, but they are not persuasive evidence as to the market value of property for tax assessment purposes." Appellants contend that it was error not to accord a great deal of weight to the mortgage given by petitioner two years prior to the tax status date. On this appeal the principal question for our determination is the proper weight to be given the testimony pertaining to the mortgage. We agree with the Trial Judge that although it was entitled to be considered, it was not entitled to great weight *(Matter of Elmhurst Towers v Tax Comm. of City of N. Y.,* 34 AD2d 570; *Matter of Dunn Garden Apts. v Commissioner of Assessment & Taxation of City of Troy,* 11 AD2d 879). It is conceivable that the size of the mortgage did not reflect the value of the property but rather the confidence the lender had that the borrower would repay the loan, or it is possible that the lender's appraisal of the property was higher than that of the borrower. These and other factors may well provide the reasons why the lender loaned a certain sum of money on a particular piece of property. It is the uncertainty of the reasons behind a mortgage loan that detracts from the evidentiary value to be accorded a mortgage in a tax assessment proceeding. The Trial Judge's limited consideration of the mortgage in this proceeding was, in our view, proper and the order, therefore, must be affirmed. Order affirmed, with costs. Koreman, P. J., Greenblott, Sweeney, Main and Herlihy, JJ., concur.