■    PAULA F. BOYCE, Respondent, v MYRON BOYCE, Appellant.—Order, Supreme Court, New York County, entered January 4, 1977, denying defendant's motion to renew, inadvertently denominated as one to reargue, unanimously reversed, on the law, without costs or disbursements, and the motion granted to the extent of permitting renewal and, upon renewal, deleting the provision that plaintiff's alimony be increased by the sum of $50 per week pending the filing of the report of the Special Referee. Appeal from the order of said court entered January 20, 1977 is dismissed as academic. Plaintiff obtained a judgment of divorce from the defendant in March, 1973 wherein she was awarded $300 per week for alimony. Her application for an increase in the amount of alimony awarded under the divorce decree because of an alleged change in circumstances brought in November, 1976 was denied. Plaintiff's second application, the one at bar, is predicated on an allegedly worsening financial condition. On this application, defense counsel appeared for the purpose of denying that the court had jurisdiction over the defendant. The court, once having personal jurisdiction over the parties in the original divorce action culminating in a judgment, retained jurisdiction even after the final judgment for purposes of modification of that judgment (Domestic Relations Law, § 236; *Pap v Pap,* 51 AD2d 1091). At issue, therefore, is notification to the defendant of plaintiff's application. On this record it is clear that plaintiff's attorney diligently attempted to effect personal service on the defendant, but was thwarted by the affirmative action of the defendant himself, thereby attempting to avoid service. In the circumstances, it is demonstrated that proper service was made according to the terms of the order to show cause which initiated plaintiff's present application. More importantly, defendant was apprised of this application. Parenthetically, it is noted that the judgment is modifiable and the fact that the parties had theretofore stipulated to the amount of alimony does not preclude plaintiff's application. Special Term, faced with defendant's "jurisdictional" argument which it properly rejected, did not adjourn the matter to afford defendant additional time in which to join issue on the merits, but simply referred the issue of the financial status of the parties as it relates to changed circumstances to a Special Referee to hear and report. Nevertheless, the court simultaneously further directed an increase of alimony by $50 per week without awaiting the Referee's report. In consequence, defendant moved to "reargue," submitting for the first time a lengthy affidavit on the merits of plaintiff's application which motion was denied. Patently, as new matter was presented, the motion was not to "reargue," but, in effect, was to "renew" and the denial thereof is appealable. As a direct appeal is taken from the order denying renewal, the concurrent appeal from the original order may be dismissed as academic (7 Weinstein-Korn-Miller, NY Civ Prac, par 5701.24). Regarding the temporary

increase in the amount of permanent alimony, it is noted that the parties take issue over whether or not plaintiff is receiving any income from her interest in a shopping center. As to the merit of plaintiff's application, Special Term should not have determined it, in part, in view of the fact that the plaintiff's entitlement thereto and the amount thereof was recognized as being in issue by the court when it directed that a hearing before the Special Referee be held. The reality of Special Term's perception is further highlighted by defendant's assertions on his motion to renew. Accordingly, Special Term should have granted leave to renew and upon renewal, the prior determination should have been vacated insofar as a temporary increase of permanent alimony was awarded. The simple and best solution, fair to the parties and to the court, was to merely direct the hearing before the Special Referee. Plaintiff-respondent's motion for permission to submit as an addendum to the record, the stipulation entered into between the parties during hearings held before a Referee in June, 1972, is granted and the stipulation is so considered. Concur—Lupiano, J. P., Birns, Silverman and Capozzoli, JJ.