■ In the Matter of SHEREFF-SCHOPICK REALTY COMPANY, Respondent, v TAX COMMISSION OF THE CITY OF NEW YORK et al., Appellants. — In a consolidated tax certiorari proceeding, the Tax Commission and Finance Administrator of the City of New York appeal from a judgment of the Supreme Court, Queens County, dated May 29, 1979, which reduced the assessments for each of the three tax years under review. Case remitted to Special Term for the making of new findings in accordance with the following memorandum. In the interim, the appeal is held in abeyance. The premises contain indoor bowling alleys and rooftop, all-weather tennis facilities operated under an air inflated bubble. Both experts relied upon the cost approach. After trial Special Term held that the city's expert's reproduction costs incorrectly included the cost of the air structure, accoustical ceiling, the electrical service for the lanes and the partitions which delineated the bar, locker rooms, playrooms and coffee shop. Special Term also held: "Having ruled that *the air structure is not taxable,* it follows that any *incidental structural changes made by the tenant* to the building *for the support of the air structure or necessitated by its installation, but which add nothing to the value of the building, are similarly not to be included in arriving at reproduction costs.* There is no evidence in the record that the tenants intended any of the installations incidental to the use and operation of the bowling alley and tennis facility to become permanent annexations to the building. There are two exceptions to this rule. The first is the *heating, ventilating and air conditioning equipment, which the court finds to be an item of reproduction costs. (Roosevelt Nassau County Operating Corp.* v *Board of Assessors of Nassau County,* 326 NYS2d 628, 63 Misc2d 183, affd 340 NYS2d 871.) *The court also finds,* based upon a fair preponderance of the credible evidence presented, that *the inclusion of the new roof is a proper item of reproduction costs."* (Emphasis supplied.) We are in accord with Special Term's decision with respect to the nature of the items to be excluded and included in the reproduction cost valuation approach. However, with the exception of the cost of the air structure ($107,000), the decision fails to set forth the dollar amounts of the items to be excluded and included. Further, it does not state the total reproduction cost resulting from the court's exclusions and inclusions. Although the reproduction costs of some of these items (e.g., accoustical ceilings) might be ascertained from the appraisal reports of the experts, there remains uncertainty as to the amount of depreciation allowed by the court on such items. Absent such dollar cost findings, we are unable to review the propriety of the reductions ordered by Special Term. Accordingly, a remand for such findings is necessary (see *Matter of Elmhurst Towers v Tax Comm. of City of N.Y.,* 34 AD2d 570). Mollen, P.J., Titone, Mangano and O'Connor, JJ., concur.