■ In the Matter of SHEREFF-SCHOPICK REALTY COMPANY, Respondent, v TAX COMMISSION OF THE CITY OF NEW YORK et al., Appellants. — In a consolidated tax certiorari proceeding, the Tax Commission and Finance Administrator of the City of New York appeal from a judgment of the Supreme Court, Queens County (Kassoff, J.), dated May 29, 1979, which reduced the assessments for each of the three tax years under review. By order dated March 30, 1981 this court remanded the matter to Special Term for the making of new findings in accordance with our memorandum. In the interim, the appeal was held in abeyance (*Matter of Shereff-Schopick Realty Co. v Tax Comm. of City of N. Y.*, 80 AD2d 920). Our decision directing that the matter be remanded stated, in pertinent part: "Both experts relied upon the cost approach. * * * We are in accord with Special Term's decision with respect to the nature of the items to be excluded and included in the reproduction cost valuation approach. However, with the exception of the cost of the air structure ($107,000), the decision fails to set forth the dollar amounts of the items to be excluded and included. Further, it does not state the total reproduction cost resulting from the court's exclusions and inclusions. Although the reproduction costs of some of the these items (e.g., accoustical ceilings) might be ascertained from the appraisal reports of the experts, there remains uncertainty as to the amount of depreciation allowed by the court on such items. Absent such dollar cost findings, we are unable to review the propriety of the reductions ordered by Special Term. Accordingly, a remand for such findings is necessary (see *Matter of Elmhurst Towers v Tax Comm. of City of N. Y.*, 34 AD2d 570)." Special Term has now rendered further findings. The parties have filed no briefs with respect to those further findings. Judgment affirmed, with costs. Special Term's postremand findings comply with and are consistent with our directive. We find no basis for disturbing its determination, as supple-

mented by the postremand findings (see *People ex rel. MacCracken v Miller,* 291 NY 55, 61-62). Mollen, P. J., Titone, Mangano and O'Connor, JJ., concur.