OPINION OF THE COURT
Memorandum.
The judgment appealed from and the order of the Appellate Division insofar as brought up for review should be reversed, with costs, and the order of Supreme Court, Monroe County, reinstated.
Petitioner, as agent and general partner of real estate partnerships, commenced these proceedings pursuant to article 7 of the Real Property Tax Law to review real estate tax assessments on several parcels of property located in the Town of Perinton, Monroe County. Six companion proceedings, which were consolidated with the instant *954 proceedings at trial and before the Appellate Division, were settled prior to this appeal and there remain for our review only the tax assessments for an apartment complex known as Highview Manor I, which was completed in 1974, for the tax years 1974, 1975 and 1976, and for an apartment complex known as Highview Manor II, which was completed in 1975, for the tax years 1975 and 1976. The town assessed Highview Manor I for $2,197,250 and High-view Manor II for $1,835,800 for each of the years in question.
At a trial before a referee both appraisers testified to values lower than these assessments. The town’s appraiser, using the capitalization of income method of valuation, appraised Highview Manor I at $1,800,000, $1,700,000 and $1,760,000 for the years 1974, 1975 and 1976, respectively, and Highview Manor II at $1,625,000 and $1,690,000 for the years 1975 and 1976, respectively. Petitioner’s appraiser, using both the capitalization of income and the replacement cost methods of valuation, appraised Highview Manor I at $1,523,340 and Highview Manor II at $1,398,000 for the tax years. The trial court adopted the referee’s findings and reduced the assessments, fixing that of Highview Manor I at $1,530,946 and that of Highview Manor II at $1,394,425 for the years in issue. The Appellate Division reinstated the town’s assessments based on its finding that the referee erred in failing to give proper weight to the partnership agreements and bank loans which financed the construction of the complexes (Farash v Smith, 83 AD2d 785).
These properties were developed under partnership agreements made to finance and administer the construction of each complex. Pursuant to each agreement, petitioner Max Farash conveyed a parcel of land for the site of the complex and the remaining partners contributed $450,000 to the partnership. Petitioner Farash acquired a 50% interest for his contribution of land and the other partners jointly received the other 50% interest for their cash contributions. Construction of the complexes was financed by construction loans totaling $2,400,000 for Highview Manor I and $2,100,000 for Highview Manor II.
*955 The Appellate Division found that the partnership agreements and construction loans “bear heavily” on the values of the two complexes and, in effect, treated them as evidence of arm’s length sales entitled to the “greatest weight” (see Plaza Hotel Assoc. v Wellington Assoc., 37 NY2d 273). Accordingly, using a value of $450,000 for land at each site and adding to it the construction loans, it found property values in excess of the assessments and therefore reinstated them. That was error.
While a court in determining fair market value may consider evidence of loans advanced on property during or near a particular tax status date when reviewing an assessment proceeding (see Matter of Trinity Place Co. v Finance Administrator of City of N. Y., 72 AD2d 274, affd 51 NY2d 890), such evidence standing alone is not entitled to “greatest weight” because the reasons behind the terms and amount of the loan may be uncertain and unrelated to market values (see Matter of River House Co. v Assessor of City of Binghamton, 56 AD2d 980; Matter of Elmhurst Towers v Tax Comm. of City of N. Y., 34 AD2d 570). Particularly is this so in the case of building loans which reflect anticipated future expenses. Here, both parties’ appraisers were aware of the amount of the loans and did not rely on them and the fact finder did not consider the evidence as controlling. Similarly, factors other than the value of the land contributed by petitioner Farash undoubtedly affected the size of the other partners’ contributions to the partnerships. Mr. Farash is a prominent and successful developer in the Rochester area and the opportunity to capitalize upon his expertise and reputation for success may well have inflated the amounts that the other partners were willing to invest, thereby rendering their contributions of little evidentiary value for assessment purposes.
While there is a presumption that tax assessments are valid (see Matter of Trinity Place Co. v Finance Administrator of City of N. Y., 72 AD2d 274, affd 51 NY2d 890, supra), the presumption was overcome in this case by the evidence Of both parties’ appraisers which fixed the market value of the properties below the assessments. Since both appraisers relied on the preferred capitalization of income *956 approach to finding the market value and the trial court accepted that evidence and since the Appellate Division relied upon evidence of doubtful probative worth, the trial court’s valuation of the complexes accords more with the weight of the evidence than does the Appellate Division’s. We, therefore, exercise our power to choose between the trial court’s findings and the findings of the Appellate Division (see Grant Co. v Srogi, 52 NY2d 496, 510-511) and reverse the Appellate Division’s order and reinstate the trial court’s order establishing the assessments of High-view Manor I and Highview Manor II for the years in question.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Simons concur in memorandum.
Judgment appealed from and order of the Appellate Division, insofar as brought up for review, reversed, etc.