■ In the Matter of GUILDERLAND CENTER NURSING HOME, INC., Appellant, v TOWN OF GUILDERLAND BOARD OF ASSESSMENT REVIEW et al., Respondents. (And Another Related Proceeding.) [600 NYS2d 834] —Yesawich Jr., J. Appeals (1) from a judgment of the Supreme Court (Conway, J.), entered October 1, 1992 in Albany County, which, in two proceedings pursuant to RPTL article 7, dismissed the petitions, and (2) from an order of said court, entered October 26, 1992 in Albany County, which denied petitioner's motion for reconsideration.

After its administrative appeals proved unsuccessful, petitioner, the owner and operator of a nursing home in the Town of Guilderland, Albany County, brought these two RPTL article 7 proceedings to challenge its 1989 and 1991 real property tax assessments. A joint bench trial was held at which petitioner offered the testimony of Gerald Patrick, who had appraised the property on the basis of the "reproduction cost new less depreciation" method, using data compiled by the Marshall Valuation Service (hereinafter MVS). At the close of petitioner's case, Supreme Court granted respondent's motion to dismiss the petitions because it found that Patrick lacked the requisite expertise to properly assess the value of the parcel at issue and that his appraisal, which was predicated solely on the MVS data, was insufficient to meet petitioner's burden of proving that the assessment was incorrect. Petitioner appeals from the judgment which was entered in accordance with Supreme Court's decision.

Thereafter, petitioner moved, pursuant to CPLR 2221 and 22 NYCRR 202.59, "to renew and reargue" and, in support of its motion, submitted a significant body of evidence regarding the validity of the MVS data, as well as additional, confirmatory appraisals. Supreme Court denied the motion, and petitioner appeals this order as well.

Initially, we note that petitioner's motion was based on assertedly new matter, not introduced at trial, and is therefore properly styled a motion to renew (see, *Foley v Roche,* 68 AD2d 558, 567-568; *Boyce v Boyce,* 58 AD2d 776). Inasmuch as petitioner proffered no justifiable excuse for its failure to present this material at the trial—it claimed only to have been "surprised" by the fact that Patrick's testimony was rejected—denial of the motion was proper (see, *Matter of Barnes v State of New York,* 159 AD2d 753, 753-754, *lv dismissed* 76 NY2d 935).

Turning to the merits, we find that Supreme Court was justified in rejecting Patrick's testimony. Key to calculating value using the reproduction cost method is a working knowledge of current construction costs and methods and the ability to perform a detailed analysis of the structure being appraised. Although trained as a civil engineer many years ago, Patrick testified that he has not worked as an engineer in over 20 years. He also has had no formal training as an appraiser and though he did take a course in the use of the MVS method, that too was 20 years ago.

Inasmuch as Patrick is not an architect, structural engineer

or builder, and the record discloses no other special experience which would qualify him to perform a cost-based appraisal for tax purposes, Supreme Court would have been justified, had it chosen to do so, to simply refuse to hear Patrick's testimony *(see, Matter of Semple School for Girls v Boyland,* 308 NY 382, 388-389; *Matter of Northville Indus. Corp. v Board of Assessors,* 143 AD2d 135, 137). According petitioner the benefit of the doubt, however, Supreme Court took the testimony; nevertheless, after Patrick explained his categorization of the building and his calculations based thereon, the court, in its role as fact-finder, determined that the appraisals themselves did not carry sufficient weight to overcome the presumption that the assessment was correct. Given that Patrick was unable to explain the basis for the MVS figures upon which he relied or to supply any independent confirmation of their accuracy, as might be provided by someone familiar with local building costs, this was a reasonable finding. Accordingly, we subscribe to Supreme Court's conclusion that petitioner's valuation evidence was speculative and, thus, insufficient to demonstrate that the assessor's valuation was erroneous *(see, Matter of Chrysler Realty Corp. v Foley,* 74 AD2d 847, 848; *see also, Semple School for Girls v Boyland, supra,* at 389).

Mikoll, J. P., Levine and Crew III, JJ., concur. Ordered that the judgment and order are affirmed, without costs.