■ In the Matter of Robert J. Bradley, Respondent, v Board of Assessment Review for the Town of Newfane et al., Appellants (Appeal No. 1.) [605 NYS2d 725] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly denied respondents' motion for summary judgment dismissing the petitions in these proceedings brought pursuant to RPTL article 7 to review the assessments on the subject property for tax years 1989-1990, 1990-1991, and 1991-1992.

Respondents failed to demonstrate their initial entitlement to judgment in their favor as a matter of law. Respondents, in support of their motion for summary judgment, proffered evidence that petitioner, in certain mortgage applications and in schedules annexed to a bankruptcy petition, estimated the fair market value of the subject property at an amount that exceeded respondents' tax assessments. While that evidence may be admissible as some proof of the fair market value of the subject property, it manifestly does not constitute " 'persuasive evidence as to the market value of property for tax assessment purposes' " *(Matter of River House Co. v Assessor of City of Binghamton,* 56 AD2d 980; *see, Farash v Smith,* 59 NY2d 952, 955; *Matter of Elmhurst Towers v Tax Commn.,* 34 AD2d 570; *Matter of Niagara Mohawk Power Corp. v Board of Assessors,* 18 AD2d 237). Therefore, because respondents failed to meet their initial burden on their motion for summary judgment, the burden never shifted to petitioner to come forward with evidentiary proof that would be sufficient to defeat the motion.

Contrary to respondents' contention, the existence of the presumption that tax assessments are valid *(see, Farash v Smith, supra,* at 955; *Matter of Welch Foods v Town of Portland,* 187 AD2d 948), without more, is insufficient to entitle respondents to summary judgment. "Such a presumption is not evidence but serves in place of evidence until the opposing party comes forward with his proof, whereat it disappears. It has no weight as evidence and is never to be considered in weighing evidence. In other words, it merely obviates any necessity, on the part of the assessors, of going forward with proof of the correctness of their valuation. So understood, 'the presumption of correctness' is merely another way of saying that the burden of proof in a proceeding to review an assessment is on the relator-taxpayer. On him that burden has always rested" *(People ex rel. Wallington Apts. v Miller,* 288 NY 31, 33, *rearg denied* 288 NY 672; *see also, Mobil Oil Corp. v Tax Commn.,* 60 AD2d 910, 911; *Matter of Property Portfolio 182 Corp. v Tax Commn.,* 58 AD2d 650).

Lastly, respondents' failure to demonstrate their initial entitlement to judgment in their favor as a matter of law requires denial of their summary judgment motion regardless of the sufficiency of the opposing papers of petitioner *(see, Ayotte v Gervasio,* 81 NY2d 1062; *Jordan v Musinger,* 197 AD2d 889). (Appeal from Order of Supreme Court, Niagara

County, Rath, Jr., J.—Tax Assessment.) Present—Callahan, J. P., Pine, Lawton, Doerr and Davis, JJ.