County, Rath, Jr., J.—Tax Assessment.) Present—Callahan, J. P., Pine, Lawton, Doerr and Davis, JJ.

■ In the Matter of ROBERT J. BRADLEY, Respondent, v BOARD OF ASSESSMENT REVIEW FOR THE TOWN OF NEWFANE et al., Appellants. (Appeal No. 2.) [605 NYS2d 982] —Order unanimously affirmed without costs. Same Memorandum as in *Matter of Bradley v Board of Assessment Review* ([appeal No. 1] 198 AD2d 766— [decided herewith]). (Appeal from Order of Supreme Court, Niagara County, Rath, Jr., J.—Tax Assessment.) Present—Callahan, J. P., Pine, Lawton, Doerr and Davis, JJ.

■ In the Matter of ROBERT J. BRADLEY, Respondent, v BOARD OF ASSESSMENT REVIEW FOR THE TOWN OF NEWFANE et al., Appellants (Appeal No. 3.) [605 NYS2d 982] —Order unanimously affirmed without costs. Same Memorandum as in *Matter of Bradley v Board of Assessment Review* ([appeal No. 1] 198 AD2d 766 [decided herewith]). (Appeal from Order of Supreme Court, Niagara County, Rath, Jr., J.—Tax Assessment.) Present—Callahan, J. P., Pine, Lawton, Doerr and Davis, JJ.

■ THOMAS W. ALESSI, Appellant, v CAROL A. ALESSI, Respondent. [604 NYS2d 366] —Order unanimously affirmed without costs. Memorandum: Supreme Court dismissed plaintiff husband's complaint for divorce but ordered payment of maintenance and defendant's counsel fees. Thereafter judgment was entered for maintenance arrears and counsel fees. Defendant filed an execution with notice to garnishee and notice to the City of Rochester seeking money due plaintiff for services rendered more than 60 days earlier. After the money in question was paid into court, defendant sought an order that plaintiff must pay maintenance arrears and her attorney's fees. Defendant contended that the latter are in the nature of support and are not dischargeable in bankruptcy. The order on appeal recites that a conference in chambers was held and that the court ruled that defendant is entitled to the funds being held pursuant to the "property execution." The order further recites that defendant's attorney "offered to compromise and reduce the amount of counsel fees and to allow [plaintiff's attorney] to receive 23.8% of the amount held pursuant to the property execution, less statutory fees including the Marshal's fees." The order also recites that plaintiff's