■ In the Matter of FISTRAW-DEL HOLDING CORPORATION, Appellant, v ASSESSOR FOR THE TOWN OF COLONIE et al., Respondents. (And Another Related Proceeding.) [652 NYS2d 340] —Mikoll, J. P. Appeal from an order and judgment of the Supreme Court (Keegan, J.), entered November 1, 1995 in Albany County, which dismissed petitioner's applications, in two proceedings pursuant to RPTL article 7, to reduce petitioner's real property tax assessments.

Petitioner, owner of the K-Mart Plaza (hereinafter the property) located at the intersection of Central Avenue and New Karner Road in the Village of Colonie, Albany County, commenced two property tax certiorari proceedings against, *inter alia*, respondents Town of Colonie and Village of Colonie. The

petitions challenge the assessments on the property for tax years 1992 and 1993. Supreme Court granted respondent South Colonie Central School District permission to intervene in the proceedings because of its common pecuniary interest. The Village and Town assessed the property at a fair market value of $6,875,000 in 1992 and $7,006,250 in 1993.

At a joint nonjury trial, petitioner presented testimony from David Schwaner as its expert witness. Schwaner had appraised the property at a true fair market value of $4,620,000 in 1992 and at $4,690,000 in 1993. Respondent's expert, David Bizik, opined that the property was not overvalued and that the true market value was $6,650,000 in 1992 and $6,800,000 in 1993. The parties stipulated at trial that the raw land value was $2,000,000. Petitioner rested its case without having introduced Schwaner's appraisal report.

Respondents moved to strike all of Schwaner's testimony for petitioner's failure to comply with 22 NYCRR 202.60 (g) requiring the filing and introduction into evidence of the appraisal report upon which the expert testified. Supreme Court, however, in its discretion reopened petitioner's case and permitted introduction of the report into evidence.

Upon the conclusion of the trial Supreme Court found, *inter alia*, that petitioner did not meet its burden of proof on the issue of overvaluation and excessive assessment. Alternatively, Supreme Court reconsidered its decision to reopen petitioner's case and allow it to introduce the appraisal report and concluded that it should not have done so, holding that: "having noted the clear language and intent of the mandatory restrictive rule of evidence set forth in [22 NYCRR 202.59 (h)], the Court determines that the judicial petitions herein must be dismissed on the grounds of a failure of proof, there having been before the Court no factual foundation for the expert opinions elicited from the witness Schwaner at trial." Supreme Court then dismissed petitioner's applications on the merits with prejudice. This appeal ensued.

Petitioner's contention that Supreme Court improperly held that it had failed to overcome the presumption of validity accorded the assessment of its property because it misconstrued the burden of proof in these proceedings is rejected. Petitioner has failed to make out a prima facie case that the challenged assessment was erroneous so as to overcome the presumption of validity, even by the substantial evidence standard (*see, Matter of State of New York v Town of Thurman*, 183 AD2d 264, 266; *Matter of Adirondack Mtn. Reserve v Board of Assessors*, 99 AD2d 600, 601, *affd* 64 NY2d 727). Many of the conclu-

sions reached by Schwaner, petitioner's appraiser, concerning the fair market value of the property were based on erroneous or insupportable premises which had the effect of devaluing the property, and the court was warranted in according it "very little weight". Petitioner presented insufficient proof that the assessment was excessive. Consequently, the presumption of validity remained viable (*see, Matter of State of New York v Town of Thurman, supra*, at 266) and Supreme Court need not compute a value for the property (*see, Matter of General Motors Corp. Cent. Foundry Div. v Assessor of Town of Massena*, 146 AD2d 851, 853, *lv denied* 74 NY2d 604).

Schwaner valued the property using the reproduction cost new less depreciation approach provided by the Marshall Valuation Service (hereinafter Marshall), an on-line computerized supplier of reproduction costs. However, Schwaner could not independently confirm the accuracy of Marshall's construction cost figures and was unaware of the information that Marshall relied upon in computing its figures. Supreme Court's rejection of Schwaner's calculations in this regard was not improper. Further, it has been held that "[k]ey to calculating value using the reproduction cost method is a working knowledge of current construction costs and methods and the ability to perform a detailed analysis of the structure being appraised" (*Matter of Guilderland Ctr. Nursing Home v Town of Guilderland Bd. of Assessment Review*, 195 AD2d 902, 903). Schwaner admitted that he was not an engineer and had no background in construction, and the record is devoid of any evidence that he had special experience that would qualify him to compute the reproduction cost new appraisal figures for tax purposes. Schwaner also used locational (or economic) obsolescence in his calculations, an appropriate factor to consider in using the reproduction cost new less depreciation method (*see, Matter of Long Is. Light. Co. v Assessor for Town of Brookhaven*, 202 AD2d 32, 42, *lv denied* 85 NY2d 809). Schwaner, however, provided no proof of any locational obsolescence beyond his undocumented and conclusory claims.

Schwaner also used the capitalization of income approach to valuation method, considered to be the preferred method of valuation as to income producing property (*see, Matter of Merrick Holding Corp. v Board of Assessors* , 45 NY2d 538, 542). However, Supreme Court could properly find that Schwaner made an improper deduction in applying this method causing the "appraisal [to] understate[ ] the true gross income stream enjoyed by the owner as the long term lessor of subject property".

Schwaner's valuation of the property under the market approach, also referred to as the comparable sales approach, was properly rejected since some of the comparable sale properties used by Schwaner were encumbered by long-term leases which were below current market rent levels, and which would tend to depress the sales price of those properties. Thus, Supreme Court's finding that petitioner had not met its burden of overcoming the presumption of validity in its property assessments was not improper and dismissal of the petitions should not be disturbed (*see, Matter of Adirondack Mtn. Reserve v Board of Assessors, supra*).

Although Supreme Court abused its discretion by refusing to adhere to its initial decision to reopen petitioner's case to accept the appraisal report in evidence as foundation for Schwaner's testimony, this error does not require reversal as the proof was otherwise so deficient as to warrant dismissal in any event.

Casey, Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the order and judgment is affirmed, without costs.