◼ In the Matter of MEDITRUST C/O CONIFER PARK, INC. (MEDIPLEX GROUP, INC.), Respondent-Appellant, v ROSALIE FAHEY, as Assessor of the Town of Glenville, et al., Appellants-Respondents. [664 NYS2d 874] —White, J. Cross appeals from an order of the Supreme Court (Viscardi, J.), entered September 20, 1996 in Schenectady County, which, in a proceeding pursuant to RPTL article 7, denied the parties' motions for summary judgment.

We again address the appropriateness of the real property tax assessment placed upon petitioner's property, a 225-bed alcohol and drug abuse residential treatment facility located on a 31.66 acre parcel of property in the Town of Glenville, Schenectady County. When the parties were previously before us, petitioner was challenging the $15,937,000 assessment placed upon the property for the 1993 and 1994 tax years (*see, Matter of Meditrust v Fahey,* 226 AD2d 999). We sustained the assessments, citing petitioner's admission set forth in official documents that a recent sales price was $51,000,000 (*see, id.,* at 1001). While this first appeal was *sub judice,* petitioner, in a self-described arm's length transaction on September 28, 1995, sold the property to Liberty Healthcare of New York, Inc. (here-

inafter Liberty)* for a recited consideration of $9,000,000. The deed further recited that the conveyance was subject to a $33,300,000 mortgage petitioner had given to Meditrust Mortgage Investments. By agreement dated September 30, 1995, Liberty assumed this mortgage and, in conjunction with these transactions, petitioner filed a real property transfer gains tax affidavit averring that the consideration for the conveyance was $9,000,000.

For the 1995 tax year, respondent Town of Glenville continued the $15,937,000 assessment which translated into a full value assessment of $21,798,660. Petitioner challenged the assessment, contending that the full value of the property did not exceed $9,000,000. After exhausting its administrative remedies, petitioner commenced this RPTL article 7 proceeding. Shortly after issue was joined, petitioner moved for summary judgment, citing the September 1995 sale as evidence that the property's full value was less than the assessment placed upon it by respondent Town of Glenville Assessor. Respondents cross-moved for summary judgment, contending that the 1995 sale established that the property's value exceeded its assessed value. Supreme Court denied the motions,. stating that it was unable on the present record to ascertain the proper assessment value of the property. These appeals ensued.

The focal point of these appeals is whether the $33,300,000 mortgage Liberty assumed should be included as part of the purchase price. There is a line of cases which hold that the principal amounts of mortgage loans should not be considered in determining full value since the reasons behind the terms and amount of the loan may be uncertain and unrelated to market values (*see, Farash v Smith*, 59 NY2d 952, 955; *Matter of Senpike Mall Co. v Assessor of Town of New Hartford*, 136 AD2d 19, 21; *Matter of River House Co. v Assessor of City of Binghamton*, 56 AD2d 980, *lv denied* 42 NY2d 811). These cases, however, do not provide controlling precedent since they are factually dissimilar to this matter as they do not involve buyers purchasing property subject to an existing mortgage. More relevant precedent is offered by *Matter of Atlas Realty Inv. v Lennox* (38 AD2d 739, *affd* 34 NY2d 780), where the subject property was sold in an arm's length transaction for approximately $22,000,000, made up of a cash payment of $8,819,000 and by the purchaser taking the property subject to a $13,700,000 mortgage. The Second Department in that case

---

* At the time of this transaction, Liberty and petitioner had the same president.

obviously included the mortgage in the purchase price, as it found that the $22,500,000 sales price was "evidence of 'the *highest rank* to determine the true value of the property as of that time'" (*id.*, at 740, quoting *Matter of Woolworth Co. v Tax Commn.*, 20 NY2d 561, 565 [emphasis in original]; *see, Plaza Hotel Assocs. v Wellington Assocs.*, 37 NY2d 273; *Matter of 50 Overlook Assocs. v Finance Admin.*, 72 AD2d 131). We find these to be persuasive precedents since it would be rather uncommon for a purchaser in an arms' length transaction to assume an obligation that would increase its costs beyond that what it considered the property to be worth.

Inasmuch as petitioner has not come forward with evidentiary proof dissuading us from following these precedents, we conclude that the mortgage assumed by Liberty should be included as part of the property's purchase price. Because the approximate $42,300,000 purchase price is the best evidence of the property's value in 1995 (*see, Matter of Allied Corp. v Town of Camillus*, 80 NY2d 351, 356) and as that price exceeds the assessment placed upon the property by the Assessor, we find that respondents have established as a matter of law that the assessment is not excessive. Accordingly, Supreme Court should have granted their cross motions.

Cardona, P. J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the cross motions; cross motions granted, summary judgment awarded to respondents and petition dismissed; and, as so modified, affirmed.