■ In the Matter of TENNESSEE GAS PIPELINE COMPANY, Appellant, v TOWN OF SHARON BOARD OF ASSESSORS et al., Respondents. (And 11 Other Related Proceedings.) [749 NYS2d 106] —Carpinello, J. Appeal from a judgment of the Supreme Court (Lamont, J.), entered August 14, 2001 in Schoharie County, which dismissed petitioners' applications, in 12 proceedings pursuant to RPTL article 7, to reduce real property tax assessments on natural gas pipelines owned by petitioner.

Petitioner, the owner and operator of a network of natural gas pipelines, commenced 12 tax certiorari proceedings to challenge the 1994, 1995 and 1996 assessments of pipelines located in various towns in Schoharie County. At a hearing before a court-appointed Referee, the parties each presented appraisal experts who had utilized the reproduction cost new less depreciation method to appraise the pipelines. The Referee found that respondents' appraisal was inadequate in key respects, credited petitioner's appraisal and determined that all but two of the parcels had been overvalued for the subject tax years. Supreme Court, however, rejected petitioner's appraisal after finding that its expert was not qualified to appraise the pipelines using the reproduction cost new less depreciation method. Accordingly, it dismissed all proceedings, prompting this appeal.

Having challenged the municipal assessments, which are presumed to be valid, petitioner was required to come forward with substantial evidence that its pipelines were overassessed to overcome the presumption (see Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack, 92 NY2d 179, 187). The substantial

evidence standard requires a showing that "the documentary and testimonial evidence proffered by petitioner is based on 'sound theory and objective data' * * * rather than on mere wishful thinking" (*id.* at 188, quoting *Matter of Commerce Holding Corp. v Board of Assessors of Town of Babylon*, 88 NY2d 724, 732). This proof "most often consists of a detailed, competent appraisal based on standard, accepted appraisal techniques and prepared by a qualified appraiser" (*Matter of Niagara Mohawk Power Corp. v Assessor of Town of Geddes*, 92 NY2d 192, 196). Even if this evidentiary hurdle is overcome, petitioner was still required to prove overvaluation by a preponderance of the evidence (*see Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack, supra* at 188; *Matter of New Cobleskill Assoc. v Assessors of Town of Cobleskill*, 280 AD2d 745, 747, *lv denied* 96 NY2d 715).

Because these proceedings involve the valuation of pipelines, which are considered "specialty" properties (*see Matter of Tenneco, Inc.—Tennessee Gas Pipeline Div. v Town of Cazenovia*, 104 AD2d 511, 512), the parties' appraisers properly applied the reproduction cost new less depreciation method of valuation (*see Matter of Semple School for Girls v Boyland*, 308 NY 382, 388-389). Application of this method requires "a working knowledge of current construction costs and methods and the ability to perform a detailed analysis of the structure being appraised" (*Matter of Guilderland Ctr. Nursing Home v Town of Guilderland Bd. of Assessment Review*, 195 AD2d 902, 903). Typically, then, an appraisal of a specialty property will be conducted by an architect, engineer, builder or other professional with expertise in the relevant construction methods and costs (*see id.* at 903-904).

Petitioner's appraiser was a senior vice-president of a national appraisal firm who specialized in appraisals of utility properties. He earned an electrical engineering degree in 1956 and is registered as an engineer in three states, although he acknowledged that he has never practiced as a professional engineer. He is also a certified appraiser in three states and has appraised many pipelines throughout the United States. However, he is not licensed as an appraiser in New York, has never been involved in the construction of any pipeline or similar property and has no independent knowledge of New York pipeline construction costs. In fact, his experience with cost estimating for construction projects was limited to work performed in the 1960s. He readily admitted that he is unfamiliar with local building costs and could not independently verify the construction costs used in his own appraisal. Given

these limitations, we cannot say that Supreme Court erred in concluding that petitioner's appraiser did not possess sufficient knowledge of current construction costs to determine the value of petitioner's pipelines (*see Matter of Niagara Mohawk Power Corp. v City of Cohoes Bd. of Assessors*, 280 AD2d 724, 726-727, *lv denied* 96 NY2d 719; *Matter of Fistraw-Del Holding Corp. v Assessor for Town of Colonie*, 235 AD2d 660, 662; *Matter of Guilderland Ctr. Nursing Home v Town of Guilderland Bd. of Assessment Review, supra* at 903-904).

Even if we were to find his qualifications sufficient, this expert's appraisal of petitioner's pipelines was nonetheless deficient in several respects. His initial starting point in valuing the pipelines was the use of per mile construction costs as provided by the Marshall & Swift Valuation Service, a national provider of construction cost data. However, the Marshall & Swift costs were "smoothed averages of contract costs excluding extremes" for construction of "moderate pressure" pipelines in various construction conditions. Significantly, the appraiser did not know whether the subject pipelines were in fact "moderate pressure" pipes, did not understand the calculations underlying the "smooth averages" or what "extremes" were excluded and further could not distinguish between "low," "average" and "good" construction conditions. Consequently, he was forced to rely upon the recommendations of Marshall & Swift officials in selecting from the various cost figures and in making adjustments to those figures based upon regional differences and the passage of time.

This appraiser also obtained cost data from several New York pipeline construction projects, including several pipelines constructed by petitioner in the early 1990s and one built by the Empire State Pipeline Company in 1993. However, he excluded numerous costs from his analysis of these various projects in reliance on hearsay opinions of several project managers. In addition, although he never determined whether the costs of pipeline construction changed from the early 1990s, he nonetheless "correlated" these construction figures with the "adjusted" Marshall & Swift data in reaching his ultimate conclusions of the value of petitioner's pipelines for the subject tax years. In addition, it is clear from his testimony that many of the decisions underlying his calculations were not documented in his appraisal as required by 22 NYCRR 202.59 (g) (2). Inasmuch as the appraiser did not have any independent knowledge of pipeline costs, did not understand the Marshall & Swift cost data that formed the basis of his valuations, required outside assistance in analyzing comparable construc-

tion projects and failed to document key calculations, his appraisal was insufficient to meet petitioner's burden to prove by a preponderance of the evidence that its pipelines were overvalued (*see Matter of Fistraw-Del Holding Corp. v Assessor for Town of Colonie, supra* at 663; *Matter of Guilderland Ctr. Nursing Home v Town of Guilderland Bd. of Assessment Review, supra* at 904; *Matter of Northville Indus. Corp. v Board of Assessors of Town of Riverhead,* 143 AD2d 135, 137).

Mercure, J.P., Crew III, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.