◼ In the Matter of WILLIAM LIA, Appellant, v TOWN OF NISKAYUNA et al., Respondents. (And Four Other Related Proceedings.) [752 NYS2d 136] —Mercure, J.P. Appeal from a judgment of the Supreme Court (Kramer, J.), entered July 9, 2001 in Schenectady County, which dismissed petitioner's applications, in five proceedings pursuant to RPTL article 7, to reduce tax assessments on certain real property owned by petitioner.

Petitioner is the owner of an automobile dealership that leases a parcel owned by petitioner in the Town of Niskayuna, Schenectady County. Petitioner had begun leasing the property in 1992 for $15,000 per month pursuant to a 10-year lease agreement that included an option to purchase the property. Petitioner purchased the property in 1997, assuming the existing mortgage with an outstanding balance of $931,259. Petitioner obtained two additional mortgages on the property and, in 1998, consolidated all of the outstanding mortgages into one loan of $1,350,000. Petitioner also receives $15,000 per month in rent from the tenant automobile dealership.

Respondent Town of Niskayuna assessed petitioner's property at $1,605,400 for the 1996 through 2000 tax years. Petitioner timely commenced RPTL article 7 proceedings to challenge these assessments and, at a joint trial on the petitions, offered an appraisal that used the sales comparison and income capitalization appraisal methods to value the property at $1,100,000 for 1996, $1,200,000 for 1997, 1998 and 1999, and $1,300,000 for 2000. Respondents offered their own appraisal, which arrived at a value of $1,650,000 for each year using the comparable sales, income capitalization, and reproduction cost methods of valuation. Supreme Court

determined that the mortgages and lease were accurate indicators of the property's value, credited the comparable sales and income capitalization valuations by respondents' appraiser, and concluded that the property had not been overassessed for the tax years at issue. Supreme Court dismissed the pending RPTL article 7 proceedings, and petitioner appeals.

Having overcome the presumption of validity accorded real property tax assessments, petitioner was required to establish overvaluation by a preponderance of the evidence (*see Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d 179, 187-188; *Matter of New Cobleskill Assoc. v Assessors of Town of Cobleskill*, 280 AD2d 745, 747, *lv denied* 96 NY2d 715). While a recent sale is generally considered the best evidence of a property's value (*see Matter of Allied Corp. v Town of Camillus*, 80 NY2d 351, 356; *Matter of New Cobleskill Assoc. v Assessors of Town of Cobleskill, supra* at 747), in the absence of such evidence, "courts have appropriately valued property by utilizing the comparable sales method, the capitalization of income method or the reproduction cost less depreciation method" (*Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack, supra* at 189). Of these, the comparable sales approach is generally the preferred method of valuation (*see Matter of Allied Corp. v Town of Camillus, supra* at 356).

Initially, petitioner contends that Supreme Court improperly relied upon the lease and mortgages as indicators of the property's true value. Although mortgages assumed as part of a recent sale are properly considered when determining a property's value (*see Matter of Meditrust C/O Conifer Park [Mediplex Group] v Fahey*, 245 AD2d 661, 662-663; *Matter of Atlas Realty Inv. v Lennox*, 38 AD2d 739, 740, *affd* 34 NY2d 780), mortgages obtained subsequent to the acquisition of a property are not entitled to the greatest weight because the circumstances surrounding such encumbrances often are not fully known to the court (*see Farash v Smith*, 59 NY2d 952, 955). Here, Supreme Court considered mortgages obtained subsequent to petitioner's purchase of the property as indicators of the property's true value even though those mortgages were guaranteed by many of petitioner's other business ventures and the facts and circumstances underlying those mortgages are not part of this record. Supreme Court also accepted the 75% loan to value ratio urged by respondents and concluded that the resulting $1,800,000 valuation should be controlling in this matter. We agree with petitioner that Supreme Court placed too great an emphasis on these additional mortgages.

We reject petitioner's contention, however, that the current lease cannot be used as an indicator of market value because the lease, between petitioner and his automobile dealership, was not an arm's length transaction. While petitioner's status as both the owner of the property and the owner of the tenant might suggest that the current lease was not an arm's length transaction, the record reveals that the $15,000 per month rent received by petitioner under the current lease is the same amount that petitioner paid to lease the property from 1992 until 1997 under the terms of a 10-year lease entered into in 1992. Although petitioner contends that the 1992 lease was itself not an arm's length transaction, in the absence of evidence to support this claim, we cannot say that Supreme Court erred in concluding that these rental payments are indicative of the property's value. Accordingly, Supreme Court properly concluded, using the income capitalization methodology adopted by petitioner's own appraiser, that the $15,000 per month rental income indicates a value of $1,692,000.

Nor can we say that Supreme Court erred in crediting respondents' appraisal over the appraisal proffered by petitioner. Significantly, petitioner's appraiser based his valuations, in part, on comparisons with properties in another region of the state. Further, while petitioner's appraiser gave the greatest weight to the comparable sales valuation in arriving at his conclusions regarding the value of the property, he admitted that the calculations supporting his "market condition" adjustments to the sales data were not included in his report as required by 22 NYCRR 202.59 (g) (2). In addition, when petitioner's appraiser was asked, on cross-examination, to apply his income capitalization methodology to determine the value of an automotive dealership that he had used as both a comparable sale and comparable rental property, the resulting income-based valuation was 20% less than was garnered in the recent sale of that property. While we agree with petitioner that respondents' appraiser did not have a working knowledge of local construction costs as needed to conduct a cost-based appraisal (see Matter of Fistraw-Del Holding Corp. v Assessor for Town of Colonie, 235 AD2d 660, 662; Matter of Guilderland Ctr. Nursing Home v Town of Guilderland Bd. of Assessment Review, 195 AD2d 902, 903-904), Supreme Court did not rely on that portion of respondents' appraisal report when it concluded that petitioner's property had not been overassessed. Accordingly, the instant petitions were properly dismissed.

Spain, Carpinello, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.