In the Matter of CITY OF NEW YORK, Respondent, *v.* ARCHIE SCHWARTZ et al., as Assessors of the Town of Fallsburgh, Appellants.

Third Department, May 13, 1971.

*Scheinman & Kalter (Louis B. Scheinman* and *Michael R. Gottlieb* of counsel), for appellants.

*J. Lee Rankin, Corporation Counsel (Antonin Tutter, Stanley Buchsbaum* and *William P. Murray* of counsel), for respondent.

REYNOLDS, J.   This is an appeal from an order and judgment of the Supreme Court at Special Term, entered in Sullivan County, granting the respondent's petition in a tax certiorari proceeding, instituted pursuant to article 7 of the Real Property Tax Law, to cancel, vacate and annul the 1969 real property tax assessment made by the appellants.

As of June 2, 1952 respondent, pursuant to the " Water Supply Act " (then title K41, now title K51, of the Administrative Code of the City of New York), acquired riparian rights along the Neversink River in the Town of Fallsburgh.   In 1969 the assessors of the Town of Fallsburgh for the first time placed these riparian rights on the tax roll, assessing them at $880,000, determined by applying the equalization rate of 40% to the actual awards, totaling $2,200,000, made to the former riparian owners. The instant proceeding thereafter ensued.

The riparian rights here involved are incorporeal hereditaments and as thus clearly constitute real property interests for some purposes (*Matter of Van Etten* v. *City of New York,* 226 N. Y. 483, 486–487; *United Paper Bd. Co.* v. *Iroquois Pulp & Paper Co.,* 226 N. Y. 38, 46–47; *Tracy Development Co.* v. *Becker,* 212 N. Y. 488, 499–501; *Water Power & Control Comm.* v. *Niagara Falls Power Co.,* 262 App. Div. 460, 464, affd. 289 N. Y. 353; see 2 Farnham, Waters & Water Rights, §§ 461, 462). However, the mere fact that an interest held to be a real property interest for some purposes is involved does not *ipso facto* mean it is subject to the assessment of real property tax. There must be some specific statutory authorization for a specific tax assessment. And we find no provisions of either the Water Supply Act or the Real Property Tax Law which provide for the assessment here involved.

The Water Supply Act provides essentially procedures for the city's acquisition of real estate for the purpose of creating a water supply and does not itself authorize taxation without reference to the Real Property Tax Law. Section K51–41.0 of the Water Supply Act provides merely where real estate is to be taxed if it is otherwise taxable and cannot be construed to provide tax districts with the power to tax all real estate defined as such by the Water Supply Act.

Section 300 of the Real Property Tax Law provides that, " All real property within the state shall be subject to real property taxation ". There is no question that riparian rights appurtenant to riparian land and thus an enhancement of the value of such land are subject to inclusion in the property assessment of the land to which they are appurtenant (see *People ex rel. Niagara Falls Hydraulic Power & Mfg. Co.* v. *Smith,* 70 App. Div. 543, affd. 175 N. Y. 469). However, when as here riparian rights are severed from the land to which they were appurtenant and do not become appurtenant to other riparian land, the first question is whether such rights in their severed status meet the definition of " real property " as set forth in subdivision 12 of section 102 of the Real Property Tax Law so as to be assessable without being appurtenant to any riparian land. We do not believe they do. The only possible subdivision of section 102 that the riparian rights here involved could even possibly be said to be included under is paragraph (a) of subdivision 12 which provides that real property includes: " Land itself, above and under water, including trees and undergrowth thereon and mines, minerals, quarries and fossils in and under the same, except mines belonging to the state ". While, as noted, riparian rights are classified as interests in real property, they are not " land

itself ", and thus are not real property within the purview of section 102.

Accordingly, the order and judgment appealed from should be affirmed.

HERLIHY, P. J., GREENBLOTT, SWEENEY and SIMONS, JJ., concur.

Judgment and order affirmed, without costs.