◾ In the Matter of the ONONDAGA COUNTY WATER DISTRICT et al., Appellants, v. BOARD OF ASSESSORS OF THE TOWN OF VOLNEY, Respondent. (Appeal No. 1.) — Judgment unanimously reversed, on the law and facts, without costs, and petition granted in accordance with the following memorandum: These four proceedings to review tax assessments pursuant to article 7 of the Real Property Tax Law are before us on appeal for a second time after a dismissal of the petitions for failure of proof. Upon the first appeal we held that there was no failure of proof and that petitioner was entitled to a reduction in the assessment because of the functional obsolescene in petitioner's plant (*Onondaga Water Dist.* v. *Board of Assessors of Town of Volney*, 45 A D 2d 258). Noting that there was sufficient evidence of functional depreciation in the record for " ' a judgment estimate ' " on that item and to make a finding of value (*id.* 262), we remitted the case to the Trial Justice and directed that he review the operating figures of the water district and make that judgment (*id.* 263). The trial court denied petitioner's tender of these operating records and without further proof once again dismissed the petitions. The statistics showing the history of petitioners' operations, and particularly the statistics for the tax years in question, 1969, 1970, 1971, would offer valuable assistance in establishing an orderly progression of assessments both for past years and for the future. They should have been received and reviewed. However, in the interests of judicial economy and considering the time and expense which has been occasioned to the parties already by these proceedings, we make our own findings without the benefit of that evidence (CPLR 5522; *Ed Guth Realty* v. *Gingold*, 41 A D 2d 479, 482, affd. 34 N Y 2d 440). The record establishes that the pipeline has an estimated 40-year life. In 1969, its second full year of operation, it operated at 25% of capacity and at that time plans were already under way for development of additional facilities because of anticipated demand. Petitioners' two experts testified to functional depreciation of 75%, respon-

dent's experts to none. We find functional depreciation in the amount of 50% of the construction cost of the property. The value of the property is 25% of the cost, representing actual use, and an additional 25% of the cost, representing value assigned to potential growth, resulting in a market value of 50% of the construction cost. This value shall be applied to the tax years of 1969, 1970 and 1971 as provided by the stipulation of the parties. (Appeal from judgment of Oswego Trial Term in certiorari proceeding.) Present — Marsh, P. J., Cardamone, Simons, Goldman and Del Vecchio, JJ.