■ FRED NIEBUHR, Appellant, v BOARD OF ASSESSORS OF THE COUNTY OF NASSAU et al., Respondents.—In a proceeding pursuant to RPTL article 7 for a transition assessment, the petitioner appeals from an order of the Supreme Court, Nassau County (McGinity, J.), entered April 6, 1987, which denied his motion for partial summary judgment and granted the respondents' cross motion to dismiss the petition.

Ordered that the judgment is affirmed, with costs.

In late 1984 or early 1985, the petitioner purchased a previously tax-exempt parcel of vacant property from the County of Nassau, whose value when it was owned by the county was assessed at $19,200. Following its sale to the petitioner and its loss of tax-exempt status, the property's value was reassessed for 1985/1986 taxation purposes at $167,270, effective May 1st, 1985. The petitioner's motion for summary judgment, alleging that the county's failure to phase in over five years the tax assessment on this initial "increase" in the valuation of his land violated RPTL 1805 (3), was denied and the respondents' cross motion to dismiss was granted. We now affirm.

At issue here is the interpretation of RPTL 1805 (5), which excludes formerly exempt property from the protection afforded by subdivision (3) of the same section, as well as the related question of when such formerly exempt property is first placed upon the nonexempt tax or assessment roll in order to determine whether and which of the provisions of RPTL 1805 applies.

RPTL 520 (1)-(3) provides as follows:

"§ 520. Assessment and taxation of exempt property upon transfer of title

"1. Whenever any person, association or corporation not otherwise entitled to an exemption from taxation acquires title to real property which is exempt, in whole or in part, from taxation, such property shall be immediately subject to taxation and shall be taxed pro rata for the unexpired portion of any fiscal year during which said transfer of title occurred,

and shall be liable in full for taxes in any fiscal year commencing subsequent to the date of transfer, as provided in this section.

"2. If within the fiscal year during which a transfer of title occurs or within the next succeeding fiscal year, an assessor is made aware of the fact that title to real property receiving a total or partial exemption from taxation has been transferred to a person, corporation or association not otherwise entitled to an exemption from taxation, he shall forthwith assess such property at its value as of the date of transfer, and shall notify the new owner of the assessment and of the right of that owner to a review of the assessment as provided by title three of article five of this chapter.

"3. For purposes of any fiscal year or years during which title to such property is transferred, such property shall be deemed to have been omitted and the assessed value thereof shall be entered on the assessment roll to be used for the next tax levy by or for each municipal corporation in which such property is located in the same manner as provided by title three of article five of this chapter with respect to a parcel omitted from the assessment roll of the previous year. A pro rata tax shall be extended against the property for the unexpired portion of each fiscal year. Such real property shall be taxed at the tax rate or tax rates for the fiscal year during which the transfer occurred. The amount of tax or taxes levied pursuant to this subdivision shall be deducted from the aggregate amount of taxes to be levied for the fiscal year immediately succeeding the fiscal year during which the transfer occurred".

It is therefore apparent that when exempt property is transferred to a nonexempt purchaser in the course of a fiscal year, the new owner is permitted to pay pro rata taxes on the property based on the former value carried on the exempt roll until the next tax status date. During this interim period, the property is deemed to have been omitted from the assessment roll. However, before the next tax status date an assessor is to assess the property's value as of the date of transfer, and this new assessed value is to be entered on the assessment roll for the next tax levy. In the instant case, the petitioner paid pro rata taxes from the date of purchase until May 1, 1985, the next tax status date (Administrative Code of the County of Nassau § 6-9.0), on property whose value on the exempt roll was given as $19,200. When it first appeared on the nonexempt roll, however, as a separate, identifiable tax parcel for 1985/1986 tax purposes, its value was assessed at $167,270.

RPTL 1805 (3), invoked by the petitioner, provides that when a current year's taxable assessment of a property "is greater than the assessment appearing on the previous year's assessment roll the assessor shall determine a transition assessment for such parcel for the first assessment roll on which such greater assessment appears and for each of the succeeding four assessment rolls by computing the difference between such greater assessment and the assessment appearing on such previous year's assessment roll and adding the following percentages of such difference to the assessment appearing on such previous year's assessment roll: in the first year, twenty percent; in the second year, forty percent; in the third year, sixty percent; in the fourth year, eighty percent; and in the fifth year, one hundred percent". It is the respondents' argument that the subject property *first* appeared on the nonexempt tax assessment roll on May 1, 1985, so that there was no "previous year's assessment roll" with which to compare its assessment at $167,270 on that date.

In addition, RPTL 1805 (5) provides in pertinent part as follows: "Nothing in this section shall prevent placing on the assessment roll new property, additions to or improvements of existing property or formerly exempt property * * * and such increase or decrease in value shall not be included in the computation of the limitations prescribed by this section" (i.e., the transitional computations set forth in RPTL 1805 [3]). The petitioner argues that only when there have been "additions to or improvements of existing * * * or formerly exempt property" is the transitional assessment required by subdivision (3) dispensed with. And, since he had paid pro rata taxes on the unimproved parcel assessed at a value of $19,200 during the early months of 1985, the parcel was no longer "formerly exempt" at the time of its reassessment in May of that year. The respondents counter that the statute exempts from transitional assessment (a) new property placed on the tax roll, (b) improvements to existing property placed on the roll, and (c) formerly exempt property newly placed on the tax roll.

By its terms, RPTL 1805 (5) excludes from transitional assessments "formerly exempt property". It also denies transitional assessments to "new property". In a somewhat different context, RPTL 546 (6) defines "new property" as "real property which was assessed as taxable on the assessment roll used for the levy of taxes for a fiscal year * * * and which was not assessed as taxable real property on the assessment roll of the tax district next preceding". Real property is "new"

when it appears on the tax rolls for the first time. Here, the parcel in question was not carried on the taxable assessment roll until May 1, 1985, when it appeared for the first time with an assessed taxable value of $167,270. As either "formerly exempt property" or as "new property", therefore, the petitioner's parcel is not entitled to a transitional assessment. Eiber, J. P., Kooper, Spatt and Harwood, JJ., concur.