■ In the Matter of FRANK NUZZOLESE et al., Respondents, v BOARD OF ASSESSORS OF THE COUNTY OF NASSAU et al., Appellants.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the Board of Assessors and the Board of

Assessment Review of the County of Nassau to calculate transitional assessments for two parcels of real property owned by the petitioners for the 1985/1986 tax year, the appeal is from a judgment of the Supreme Court, Nassau County (McGinity, J.), dated October 23, 1989, which granted the petition and directed the Board of Assessors and the Board of Assessment Review of the County of Nassau to calculate the transitional assessments and to issue the petitioners an appropriate refund with statutory interest.

Ordered that the judgment is affirmed, with costs.

The petitioners own two parcels of real property in Nassau County. Beginning with the 1967/1968 tax year the property was classified by the Board of Assessors as "Class 1" and, as such, was entitled to a depreciation factor on its land value. By 1985 the property had been converted from residential to commercial use. Thus, beginning with the 1985/1986 tax year, the depreciation factor was removed and the property reclassified as "Class 4". The reclassification resulted in a 100% increase in the total taxable assessment of the subject parcels. The petitioners requested that the increase be phased-in over a five-year period pursuant to the transition assessment provisions of RPTL 1805. The Board of Assessors and the Board of Assessment Review of the County of Nassau (hereinafter the appellants) denied the request and this proceeding ensued.

We agree with the Supreme Court that the petitioners were entitled to the requested transitional assessments and that a CPLR article 78 proceeding was the proper vehicle to challenge the County's refusal to calculate them. Contrary to the appellants' contention, the petitioners were not required to pursue a remedy by way of an RPTL article 7 tax certiorari proceeding (see, RPTL 700 et seq.). The petitioners did not seek review of the appellants' valuation of the subject property. Rather, they disputed the appellant's interpretation of RPTL 1805 and sought to compel the appellants to perform a duty imposed upon them by that statute. Therefore, the challenge was properly brought pursuant to CPLR article 78 (see, Hewlett Assocs. v City of New York, 57 NY2d 356; Matter of Town of Arietta v State Bd. of Equalization & Assessment, 56 NY2d 356; Matter of Krugman v Board of Assessors, 141 AD2d 175; Matter of 22 Park Place Coop. v Board of Assessors, 102 AD2d 893).

We have examined the appellants' remaining contentions and find them to be without merit. Mangano, P. J., Bracken, Kunzeman and Kooper, JJ., concur.