■ In the Matter of MEADOWBROOK PLAZA ASSOCIATES, INC., Appellant, v BOARD OF ASSESSORS et al., Respondents.—In a proceeding pursuant to RPTL article 7 to review a real estate tax assessment of the petitioner's real property for the tax year 1989/1990, the petitioner appeals from so much of an order of the Supreme Court, Nassau County (Rossetti, J.), entered February 23, 1990, as denied that branch of its motion which was for partial summary judgment on the issue of whether the tax assessment was illegal pursuant to RPTL 1805.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, the motion is granted, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

In this tax certiorari proceeding, the petitioner, the owner of a parcel of property in Nassau County, sought partial summary judgment on the issue of its entitlement to a transitional assessment of the increase in the land portion of the tax assessment of the property pursuant to RPTL 1805. We find that the record before us presents no issue of fact as to the petitioner's entitlement to that relief. The respondents made no allegations and produced no evidence to dispute the petitioner's proof of the amount of the increase or its allegation that the increase was not excludable from the transitional limitations under the exceptions enumerated in RPTL 1805 (5). Contrary to the respondents' contention, the new construction on the petitioner's property does not prevent the entire increase from being phased-in pursuant to the transitional assessment provisions of RPTL 1805 (see, Matter of Nuzzolese v Board of Assessors, 172 AD2d 611). Therefore, the land portion of the increase must be phased-in pursuant to the provisions of RPTL 1805. Thompson, J. P., Kunzeman, Harwood and Balletta, JJ., concur.