■ In the Matter of FOURTH GARDEN PARK, Appellant, v ASSESSOR OF THE TOWN OF RIVERHEAD, Respondent. [705 NYS2d 679] —In a proceeding pursuant to Real Property Tax Law article 7

to review the assessment of the petitioner's property, the petitioner appeals, on the ground of inadequacy, from an order and judgment (one paper) of the Supreme Court, Suffolk County (Werner, J.), entered January 28, 1999, which, after a nonjury trial, *inter alia*, reduced the petitioner's real property tax assessment.

Ordered that the order and judgment is affirmed, with costs.

In valuing the individual mobile homes in the subject mobile home park, the trial court properly relied upon the appraisal of the respondent's expert. That appraisal used comparable sales of mobile homes in the area of the instant property, unlike the petitioner's appraisal, which relied upon a pricing guide describing retail sales in the entire New York, New Jersey, and Pennsylvania region (*see generally, Matter of Allied Corp. v Town of Camillus,* 80 NY2d 351, 356; *Matter of Great Atl. & Pac. Tea Co. v Kiernan,* 42 NY2d 236; *Matter of Phelps Dodge Indus. v Kondzielaski,* 131 AD2d 675). Moreover, contrary to the petitioner's contentions, the trial court was not required to use the replacement cost values as the upper limit of value of the units (*see, Matter of Mayos Clothes v Board of Review,* 47 AD2d 531; *cf., Matter of Great Atl. & Pac. Tea Co. v Kiernan, supra,* at 242; *G.R.F., Inc. v Board of Assessors,* 41 NY2d 512, 514).

The petitioner's remaining contentions are without merit. Bracken, J. P., Ritter, Altman and McGinity, JJ., concur.