■ In the Matter of FRONTIER PARK, Appellant, v ASSESSOR OF TOWN OF BABYLON, Respondent. [741 NYS2d 96] —In a proceeding pursuant to Real Property Tax Law article 7 to review real property tax assessments of the petitioner's prop-

erty, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Rossetti, J.), entered August 7, 2000, which, after a nonjury trial, denied the petition and dismissed the proceeding.

Ordered that the order and judgment is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.

A property valuation by a tax assessor is presumptively valid unless the petitioner comes forward with substantial evidence to demonstrate the existence of a "valid and credible dispute regarding valuation" (*Matter of FMC Corp. v Unmack,* 92 NY2d 179, 188). In making the threshold determination as to whether a valid dispute exists concerning the property's valuation, "[t]he ultimate strength, credibility or persuasiveness of petitioner's arguments are not germane," and "the weight to be given to either party's evidence is not a relevant consideration at this juncture" (*id.* at 188). Rather, in determining whether the substantial evidence standard has been satisfied, the relevant inquiry is whether the documentary and testimonial evidence offered by the petitioner is based on "sound theory and objective data" (*Matter of Commerce Holding Corp. v Board of Assessors of Town of Babylon,* 88 NY2d 724, 732).

Guided by these principles, we find that the petitioner satisfied its initial burden of overcoming the presumption of validity of the assessments of the mobile homes located in its trailer park. The petitioner relied on the expert testimony of an experienced certified real estate appraiser, who determined the value of the homes based on a pricing guide which reflects retail sales of mobile homes throughout the United States. Although a properly performed appraisal utilizing comparable sales in close proximity to the petitioner's trailer park may be a superior method of determining the market value of the mobile homes (*see Matter of Fourth Garden Park v Assessor of Town of Riverhead,* 271 AD2d 531), use of the subject pricing guide is a recognized method of appraisal of mobile homes (*see Matter of Morley v Town of Oswegatchie,* 152 AD2d 862; *Hidden Forest Homes v Board of Assessors of Town of Campbell,* 139 AD2d 924). The failure of the petitioner's expert witness to rely upon local comparable sales, and to adequately adjust the pricing guide figures to reflect the location of the subject trailer park, are deficiencies which go to the weight of the evidence. Such alleged omissions are not relevant to determining the threshold issue of whether the petitioner sustained its initial burden of coming forward with substantial evidence to show that a valid dispute exists over the value of the mobile homes.

Since the trial court concluded that the petitioner did not rebut the presumption of validity of the assessments, it did not reach the second stage of review, which requires the court to weigh the relative merits of the underlying data and evidence offered by both the petitioner and respondent, including evidence of claimed flaws in the assessment, to determine whether the petitioner established, by a preponderance of the evidence, that its property was overvalued (*see Matter of FMC Corp. v Unmack, supra* at 188). Accordingly, we remit the matter to the Supreme Court to weigh the evidence in the record, and issue an order and judgment in accordance with its review. In reaching its determination, the court should consider, inter alia, the relative merits of the appraisal methods used by the parties' expert witnesses, the manner in which the appraisals were actually performed, and whether it may be possible to make adjustments to the appraisals offered by the parties which would more accurately reflect the market value of the subject mobile homes. Altman, J.P., Krausman, Goldstein and Crane, JJ., concur. [*See* 184 Misc 2d 354.]