■ In the Matter of NORTON COMPANY, Appellant, v ASSESSOR OF THE CITY OF WATERVLIET et al., Respondents. (And Another Related Proceeding.) [772 NYS2d 720]—

Carpinello, J. Appeal from an order and judgment of the Supreme Court (Teresi, J.), entered February 25, 2003 in Albany County, which dismissed petitioner's applications, in two proceedings pursuant to RPTL article 7, to reduce tax assessments for the years 1997 and 1998 on certain real property owned by petitioner.

Petitioner manufactures industrial abrasives at a multibuilding manufacturing, storage and office facility, part of which is located in the City of Watervliet, Albany County. It commenced these RPTL article 7 proceedings to challenge the 1997 and 1998 assessments of the 6.9-acre portion of its facility that is located in Watervliet. When these proceedings were first before us, we reversed Supreme Court's preclusion of petitioner's appraisal and remitted the matters for further proceedings (292 AD2d 672 [2002]). On remittal, the parties offered conflicting proof at trial regarding the proper valuation of the property. Petitioner's appraiser, adopting an income capitalization approach, valued the property at $1,700,000 for 1997 and $1,850,000 for 1998, well below the challenged valuation of $4,587,300 for both years. Respondents' appraiser used a sales comparison approach to value the parcel at $4,100,000 for both years, a figure also less than respondents' valuation. Supreme Court rejected petitioner's appraisal as relying on uncomparable rental properties for income capitalization purposes and dismissed the petitions, prompting this appeal.

Having proffered substantial evidence to rebut the presump-

tion that respondents' assessments were valid (*see Matter of Niagara Mohawk Power Corp. v Assessor of Town of Geddes*, 92 NY2d 192, 196 [1998]; *Matter of New Cobleskill Assoc. v Assessors of Town of Cobleskill*, 280 AD2d 745, 746-747 [2001], *lv denied* 96 NY2d 715 [2001]), petitioner was required to show, by a preponderance of the evidence, that its property was overvalued (*see Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d 179, 188 [1998]; *Matter of Lia v Town of Niskayuna*, 300 AD2d 876, 877 [2002]). While the income capitalization approach used by petitioner's appraiser is an acceptable means of determining property value (*see Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack, supra* at 189), the key to this methodology in the context of an owner-occupied property, such as the one here, is the selection of comparable rental properties to determine the instant property's estimated market rent (*see Matter of Saratoga Harness Racing v Williams*, 91 NY2d 639, 644 [1998]).

In this case, we agree with Supreme Court that petitioner's income capitalization appraisal was based on properties that are not comparable to petitioner's parcel. To arrive at an estimated market rent for this mixed-use parcel, petitioner's appraiser established separate market rents for each use of the property and then used these figures to calculate an overall rent for petitioner's specific mix of uses. Notably, none of the purportedly comparable office properties consisted of office space as part of a larger manufacturing facility. Five of the comparison industrial properties were essentially warehouse facilities, even though over 40% of petitioner's property is devoted to manufacturing. And, while the final comparison industrial property was used for manufacturing, this parcel was only 10% of the size of petitioner's property. In fact, petitioner's appraiser conceded at trial that none of the allegedly comparable properties was representative of the mix of uses at petitioner's Watervliet property.

The ultimate valuations arrived at by petitioner's appraiser are problematic in other respects as well. He testified that he applied an across-the-board 33% reduction to the rents for all of the comparison properties, allegedly based upon their comparative ages and conditions, without providing any specific calculations or analysis as to how each property compares to petitioner's parcel. Further, he improperly calculated the income capacity of the property by deducting numerous expenses, such as electricity, postage and telephone expenses, that are attributable to the manufacturing operations rather than to the real estate itself. Inasmuch as petitioner's appraiser based his valua-

tion of the parcel on this flawed income capitalization appraisal, Supreme Court properly found that petitioner failed to meet its burden to prove that the parcel was overvalued.

We do, however, agree with petitioner that the assessments for its Watervliet parcel must be reduced to reflect the lower valuation found by respondents' own appraiser (*see Matter of Arsenal Hous. Assoc. v City Assessor of City of Watertown*, 298 AD2d 830, 831 [2002] [2003]; *Matter of Ulster Bus. Complex v Town of Ulster*, 293 AD2d 936, 941 [2002]). Accordingly, applying respondents' equalization rates of 97.94% for 1997 and 97.26% for 1998, we reduce the 1997 and 1998 assessments to $4,015,540 and $3,987,660, respectively.

Cardona, P.J., Mercure, Peters and Spain, JJ., concur. Ordered that the order and judgment is modified, on the law, without costs, by reducing the assessment for 1997 to $4,015,540 and by reducing the assessment for 1998 to $3,987,660 and, as so modified, affirmed.