■ In the Matter of CENTURY REALTY, INC., Appellant, v COMMISSIONER OF FINANCE et al., Respondents. [791 NYS2d 130]—

In consolidated proceedings pursuant to Real Property Tax Law article 7 to review real property tax assessments for the tax years 1991/1992 through 1996/1997, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Pesce, J.), dated April 15, 2003, which, after a nonjury trial, denied the petitions and dismissed the proceedings.

Ordered that the order and judgment is modified, on the law and the facts, by deleting the provision thereof denying the petitions and dismissing the proceedings concerning the tax assessments for the tax years 1992/1993 and 1993/1994, and substituting therefor provisions granting those petitions to the extent of finding overassessments with respect to the tax years 1992/1993 and 1993/1994, as follows:

| "Tax Year | Published Assessment | Corrected Assessment |
|-----------|---------------------|---------------------|
| 1992/93 | $432,450 | $412,140 |
| 1993/94 | $403,650 | $398,310," |

and otherwise denying those petitions; as so modified, the order and judgment is affirmed, with costs to the petitioner.

A property valuation by a tax assessor is presumptively valid (*see Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92

NY2d 179, 187 [1998]; *Matter of Frontier Park v Assessor of Town of Babylon,* 293 AD2d 608, 609 [2002]). In challenging an assessment, a petitioner has a threshold burden of coming forward with "substantial evidence" to rebut the presumption of validity (*Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack, supra* at 188; *Matter of Frontier Park v Assessor of Town of Babylon, supra*). The substantial evidence standard is a "minimal standard" that "merely requires that [the] petitioner demonstrate the existence of a valid and credible dispute regarding valuation" through the presentation of documentary and testimonial evidence that is "based on 'sound theory and objective data'" (*Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack, supra* at 188, quoting *Matter of Commerce Holding Corp. v Board of Assessors,* 88 NY2d 724, 732 [1996]). During this threshold inquiry, the ultimate strength or credibility of the petitioner's arguments is not at issue, nor is the weight to be given either party's evidence (*see Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack, supra* at 188).

The petitioner satisfied its initial burden of overcoming the presumption of validity of the assessments of the subject property. The petitioner relied on the expert testimony of an experienced certified real estate appraiser who determined value using the income capitalization approach, a recognized appraisal method which was also utilized by the appraiser for the respondents (hereinafter collectively referred to as the City) (*see Matter of Saratoga Harness Racing v Williams,* 91 NY2d 639, 643-644 [1998]; *41 Kew Gardens Rd. Assoc. v Tyburski,* 70 NY2d 325, 331 [1987]). However, the experts disagreed in their approaches to calculating income and capitalization rates.

The petitioner's appraiser relied on actual rent collections in computing gross income for most of the years under review, while the City's appraiser relied on the leases and deducted a percentage for vacancy losses to compute an effective gross income. Both are accepted methods of determining income (*see Matter of Merrick Holding Corp. v Board of Assessors of County of Nassau,* 45 NY2d 538, 542-543 [1978]; *Matter of Continental Assur. Co. v Mayor of Inc. Vil. of Lynbrook,* 113 AD2d 795, 799 [1985]; *Matter of County Dollar Corp. v City of Yonkers,* 97 AD2d 469, 471-473 [1983]). Under these circumstances, the fact that the Supreme Court disputed the appropriateness of the method used by the petitioner's appraiser went only to the weight of the evidence. Therefore, such concern was not relevant to the determination of the threshold issue of whether the petitioner met its burden of presenting substantial evidence of a valid dispute, involving the value of the subject property (*see Matter of FMC*

*Corp. [Peroxygen Chems. Div.] v Unmack, supra; Matter of Frontier Park v Assessor of Town of Babylon, supra* at 609). Likewise, the Supreme Court's rejection of the conclusions of the petitioner's appraiser regarding appreciation or depreciation of the subject property, and his use of equity yield rates from a national survey, rather than equity capitalization rates in his band of investment analysis, entailed a weighing of the evidence. Accordingly, we find that the petitioner met its initial burden of coming forward with substantial evidence to rebut the presumption of validity.

Once a petitioner meets its burden of overcoming the presumption of validity, it is necessary for a court to weigh the entire record of evidence offered by both parties to determine whether the petitioner proved by a preponderance of the evidence that the property was overvalued (*see Matter of Frontier Park v Assessor of Town of Babylon, supra* at 610; *cf. Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack, supra* at 190-191). In reaching its determination, the court should consider the relative merits of the appraisal methods used by the parties' experts and make adjustments to the appraisals, where appropriate, to more accurately reflect the market value of the subject property, especially here, where both appraisers agreed that the property was overvalued to some extent (*see Matter of Norton Co. v Assessor of City of Watervliet,* 3 AD3d 760, 762 [2004]; *Matter of Frontier Park v Assessor of Town of Babylon, supra; Matter of Villa Roma Country Club v Fulton,* 301 AD2d 911, 912 [2003]; *Matter of P.G.C. Assoc. v Assessors of Town of Riverhead,* 270 AD2d 272, 273-274 [2000]).

Even though the Supreme Court concluded that the petitioner failed to present sufficient proof to overcome the presumption of validity of the subject tax assessments, it is nevertheless evident from the Supreme Court's extensive and comprehensive decision that it weighed the evidence and ultimately rejected the petitioner's appraiser's analysis and calculations of income and capitalization rates. Upon our review of the record, we are satisfied that the Supreme Court properly rejected the conclusion of the petitioner's appraiser as to value. In addition, the income calculations and capitalization rates of the City's appraiser are supported by the record (*see W.T. Grant Co. v Srogi,* 52 NY2d 496, 510-511 [1981]; *Matter of Erie Blvd. Hydropower, L.P. v Town of Ephratah Bd. of Assessors,* 9 AD3d 540 [2004]).

Finally, we agree with the Supreme Court that the petitioner failed to prove unequal assessment where the City's appraiser applied the New York City 45% equalization ratio rather than the lesser of New York State's ratio or the City's ratio, which

was used by the petitioner's appraiser(*see Matter of 665 Parkway Co. v Commissioner of Fin.*, 15 AD3d 666 [2005] [decided herewith]; *Matter of 49 Realty Co. v Commissioner of Fin.*, 15 AD3d 659 [2005] [decided herewith]). Accordingly, the Supreme Court correctly applied the City's 45% ratio for all of the tax years at issue.

The following are this Court's findings of fact, which adopt the calculations of the City's appraiser:

| Tax Year | City's Published Assessed Value | Corrected Assessed Value | Overassessment |
| --- | --- | --- | --- |
| 1991/92 | $ 416,700 | $ 420,799 | $ 0 |
| 1992/93 | $ 432,450 | $ 412,140 | $ 20,310 |
| 1993/94 | $ 403,650 | $ 398,310 | $ 5,340 |
| 1994/95 | $ 403,650 | $ 435,961 | $ 0 |
| 1995/96 | $ 433,350 | $ 445,639 | $ 0 |
| 1996/97 | $ 405,000 | $ 469,336 | $ 0 |

Thus, there was an overassessment in tax years 1992/1993, and 1993/1994, and we modify the judgment accordingly (*see Matter of Norton Co. v Assessor of City of Watervliet, supra*). Schmidt, J.P., Santucci, Crane and Skelos, JJ., concur.