■ In the Matter of RAINBOW DINER, Respondent, v BOARD OF ASSESSORS et al., Appellants. [895 NYS2d 854]—

In a consolidated proceeding pursuant to Real Property Tax Law article 7 to review real property tax assessments for the tax years 1998/1999 through 2006/2007, the Board of Assessors and Board of Assessment Review of the County of Nassau appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Bucaria, J.), entered July 15, 2008, which, after a nonjury trial, granted the petition and directed that the assessment rolls be corrected and any tax overpayments be refunded.

Ordered that the order and judgment is affirmed, with costs.

The petitioner, an owner of a diner, brought numerous proceedings against the Board of Assessors and Board of Assessment Review of the County of Nassau (hereinafter together the Board), challenging the assessments of its property for the tax years 1998/1999 through 2006/2007. Upon consolidation of the proceedings and after a nonjury trial, the Supreme Court adopted certain recommendations made by the petitioner's expert appraiser and issued an order and judgment correcting the assessments. The Board appeals.

A property valuation by a tax assessor is presumptively valid, but a petitioner may overcome that presumption by demonstrating the existence of a valid and credible dispute regarding valuation through the presentation of documentary and testimonial evidence that is based on sound theory and objective data (see Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack, 92 NY2d 179, 187-188 [1998]; Matter of Century Realty, Inc. v Commissioner of Fin., 15 AD3d 652, 653 [2005]). If a petitioner meets this initial burden, the petitioner must then prove by a preponderance of the evidence that the property was overvalued (see Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack, 92 NY2d at 188; Matter of Century Realty, Inc. v Commissioner of Fin., 15 AD3d at 654).

Here, the petitioner met its initial burden and thereby overcame the initial presumption in favor of the Board when it submitted an appraisal report and presented expert testimony that supported its claims (see Matter of Century Realty, Inc. v Commissioner of Fin., 15 AD3d at 653). Moreover, contrary to the Board's contentions, the Supreme Court did not fail to appropriately weigh the conflicting evidence submitted by the parties (see People ex rel. MacCracken v Miller, 291 NY 55, 61 [1943]; Matter of Universal Packaging v Assessor of City of Saratoga Springs, 259 AD2d 875 [1999]). Furthermore, the petitioners established by a preponderance of the evidence that the property was overassessed. Accordingly, the Supreme Court properly granted the petition and directed that the assessment rolls be corrected and any tax overpayments be refunded. Dillon, J.P., Florio, Miller and Austin, JJ., concur.