■ In the Matter of CENTRAL HUDSON GAS & ELECTRIC CORPORATION, Respondent-Appellant, v ASSESSOR OF TOWN OF NEWBURGH et al., Appellants-Respondents. [904 NYS2d 429]—

In proceedings pursuant to Real Property Tax Law article 7 to review real property tax assessments for the tax years 2001 through 2004, the Assessor of the Town of Newburgh, the Board of Assessment Review of the Town of Newburgh, and the Town

of Newburgh appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Orange County (LaCava, J.), dated March 2, 2007, as, in effect, granted the petitioner's motion to strike that portion of the trial appraisal report of the Assessor of the Town of Newburgh, the Board of Assessment Review of the Town of Newburgh, and the Town of Newburgh, concerning certain easements held by it, and (2) so much of a judgment of the same court dated December 23, 2008, which, after a nonjury trial, granted the petitions to the extent of awarding a reduction in the tax assessments for the years 2001 through 2004, and directed that the assessment rolls be corrected and any tax overpayments be refunded with interest, and the petitioner cross-appeals from the same order and the same judgment.

Ordered that the cross appeals are dismissed as abandoned; and it is further,

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the petitioner's motion to strike that portion of the trial appraisal report of the Assessor of the Town of Newburgh, the Board of Assessment Review of the Town of Newburgh, and the Town of Newburgh, concerning certain easements held by it is denied, the order is modified accordingly, and the matter is remitted for further proceedings in accordance herewith, and thereafter for a new determination on the petitions; and it is further,

Ordered that one bill of costs is awarded to the Assessor of the Town of Newburgh, the Board of Assessment Review of the Town of Newburgh, and the Town of Newburgh.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The petitioner, Central Hudson Gas and Electric Corporation (hereinafter CHGE), commenced these proceedings pursuant to Real Property Tax Law article 7 against the Assessor of the Town of Newburgh, the Board of Assessment Review of the Town of Newburgh, and the Town of Newburgh (hereinafter collectively the Town), to review real property tax assessments for the years 2001 through 2004 of, inter alia, tax parcels consisting of gas and electric transmission lines, three substations, and a switching station. The petitions alleged that the Town's assessments of its properties were illegal, unequal, and

unconstitutional, resulting in overvaluation of its properties. A nonjury trial was held, after which the Supreme Court, having found that the properties were overvalued, directed that the assessment rolls be amended in accordance with the fair market values it had calculated based on the evidence at trial, and that any overpayments of taxes be refunded with interest. The Town appeals from this judgment as well as from a pre-trial order striking the portion of its trial appraisal report concerning certain easements held by CHGE.

While a locality's tax assessment is presumptively valid, it may be overcome by a petitioner's submission of substantial evidence demonstrating overvaluation (*see Matter of Niagara Mohawk Power Corp. v Assessor of Town of Geddes*, 92 NY2d 192, 196 [1998]; *Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d 179, 187 [1998]). Substantial evidence "will most often consist of a detailed, competent appraisal based on standard, accepted appraisal techniques and prepared by a qualified appraiser" (*Matter of Niagara Mohawk Power Corp. v Assessor of Town of Geddes*, 92 NY2d at 196). "[I]n answering the question whether substantial evidence exists, a court should simply determine whether the documentary and testimonial evidence proffered by petitioner is based on 'sound theory and objective data' rather than on mere wishful thinking" (*Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d at 188 [citation omitted], quoting *Matter of Commerce Holding Corp. v Board of Assessors of Town of Babylon*, 88 NY2d 724, 732 [1996]).

On appeal, the Town argues that CHGE failed to rebut the presumption of validity of the subject tax assessments. In support of that argument, it asserts that CHGE's expert appraisal of the depreciation of the subject properties employed flawed methodology. The opinion of CHGE's expert appraiser as to depreciation was reached by (1) applying the age-life approach using average service lives independently calculated after review of regional and national depreciation statistics databases, CHGE own reported average services lives contained in submissions to the Federal Energy Regulatory Commission, and the opinion of an expert professional engineer who inspected the subject properties as to the useful lives of the subject properties, and (2) deducting for negative net salvage. This is a "recognized appraisal method" (*Matter of Century Realty, Inc. v Commissioner of Fin.*, 15 AD3d 652, 653 [2005]; *see Matter of Niagara Mohawk Power Corp. v Town of Moreau Assessor*, 46 AD3d 1147 [2007]; *Matter of Niagara Mohawk Power Corp. v City of Cohoes Bd. of Assessors*, 280 AD2d 724 [2001]), based upon "sound theory"

that was employed using "objective data" (*Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d at 188 [internal quotation marks omitted]) and, thus, yielded substantial evidence of overvaluation (*see Matter of Niagara Mohawk Power Corp. v Town of Moreau Assessor*, 46 AD3d 1147 [2007]; *Matter of Niagara Mohawk Power Corp. v City of Cohoes Bd. of Assessors*, 280 AD2d 724 [2001]; *see also Matter of Century Realty, Inc. v Commissioner of Fin.*, 15 AD3d at 653).

Further, contrary to the Town's contention, CHGE did present qualified expert testimony to rebut the presumption of validity. While the Town is correct that a working knowledge of construction costs and methods is essential to calculating reproduction cost (*see Matter of Tennessee Gas Pipeline Co. v Town of Sharon Bd. of Assessors*, 298 AD2d 758, 759 [2002]; *Matter of Guilderland Ctr. Nursing Home v Town of Guilderland Bd. of Assessment Review*, 195 AD2d 902, 903 [1993]; *Matter of Northville Indus. Corp. v Board of Assessors of Town of Riverhead*, 143 AD2d 135, 137 [1988]), the testimony of CHGE's expert, Charles Jerominski, whose qualifications the Town challenges, was not relied upon by the Supreme Court with respect to analyzing reproduction cost. As to that analysis, CHGE presented the testimony of a professional engineer who, it is undisputed, possessed the requisite knowledge.

The Supreme Court erred, however, in granting CHGE's pretrial motion to strike the portion of the Town's trial appraisal report concerning easements CHGE possessed in the land in which the subject transmission lines were placed. The easements are not defined as real property (*see* RPTL 102 [12]; *cf. Matter of Niagara Mohawk Power Corp. v Cutler*, 109 AD2d 403 [1985], *affd* 67 NY2d 812 [1986]; *Matter of City of New York v Schwartz*, 36 AD2d 402 [1971]) and, thus, are not separately assessable for tax purposes (*see Matter of Manhattan Cable TV Servs., Div. of Sterling Info. Servs. v Freyberg*, 49 NY2d 868, 869 [1980]; *Matter of Crystal v City of Syracuse, Dept. of Assessment*, 47 AD2d 29, 30 [1975], *affd* 38 NY2d 883 [1976]; *Matter of Niagara Mohawk Power Corp. v Cutler*, 109 AD2d 403 [1985]; *Matter of City of New York v Schwartz*, 36 AD2d 402 [1971]). Nonetheless, the parties agreed that the appropriate method of valuation of the subject transmission lines was the reproduction cost less depreciation method. Application of the cost approach to valuation requires "the inclusion not only of payments for material, equipment, labor and other obvious physical ingredients which go directly into construction, but also of those charges which may be termed indirect or less direct, such as . . . [the] cost of procuring necessary licenses and

the miscellany of other essential overhead or incidental expenses" (*Matter of City of New York [Salvation Army]*, 43 NY2d 512, 516 [1978]). This is because "a fair and realistic appraisal of reproduction costs must embrace in its reckoning all expenditures that reasonably and necessarily are to be expected in the re-creation of a structure so idiosyncratic as to leave no alternative method by which to measure fair compensation" (*id.* at 516). Thus, while the easements are not subject to tax as real property, the costs of acquiring the easements, which are costs undeniably necessary to re-creation of functioning transmission lines, are properly considered in calculating the reproduction cost of the subject transmission lines (*see Matter of Onondago County Water Dist. v Board of Assessors of Town of Volney*, 67 Misc 2d 797, 801-802 [1971], *revd on other grounds* 45 AD2d 258 [1974], *and* 47 AD2d 707 [1975], *revd* 39 NY2d 601 [1976]; *cf. Matter of City of New York [Salvation Army]*, 43 NY2d at 516).

Accordingly, while we reject the Town's challenge to the Supreme Court's calculation of depreciation, and its contention that the petitions should have been dismissed, the judgment must be reversed insofar as appealed from and the case remitted to the Supreme Court, Orange County, for consideration of evidence of the cost of acquiring any easements necessary to the reproduction of the subject transmission lines and, in light of any such evidence, reconsideration of the calculation of reproduction cost relative to the assessed transmission lines, and thereafter for a new determination of the petitions.

In addition, the Town correctly argues that the Supreme Court erred in assessing tax parcels 646-9999-107.700-1012, 646-9999-107.700-1071, and 72-8-2, for tax years 2001 through 2004, at a value less than that requested in the petition, in violation of RPTL 720 (1) (b). We reject CHGE's argument that the provision of RPTL 720 (1) (b) providing that "an assessment may not be ordered reduced to an amount less than that requested by the petitioner in a petition" is unconstitutional on its face because it violates the mandate of the NY Constitution, article XVI, § 2, that "[a]ssessments shall in no case exceed full value." The challenged provision of RPTL 720 (1) (b) does not affirmatively allow a municipality to tax a property at an amount greater than full value (*cf. Matter of Commerce Holding Corp. v Board of Assessors of Town of Babylon*, 88 NY2d at 729). Rather, it places a "condition[ ]" upon "the procedure by which aggrieved taxpayers obtain . . . judicial relief" (*Matter of Sterling Estates v Board of Assessors of County of Nassau*, 66 NY2d 122, 125 [1985]), by essentially precluding a petitioner

from proving a value lower than that pleaded in the petition (*see W.T. Grant Co. v Srogi*, 52 NY2d 496, 513 [1981] [describing operation of the rule now expressed by RPTL 720 (1) (b) as a "pleading technicality"]). Thus, like other procedures required by RPTL article 7 to obtain judicial relief for tax overvaluations (*see e.g.* RPTL 702 [statute of limitations]), the challenged provision of RPTL 720 (1) (b) was properly enacted in satisfaction of the Legislature's responsibility to provide for "review . . . of assessments for purposes of taxation" (NY Const, art XVI, § 2).

Therefore, if, upon remittal, the Supreme Court recalculates the value of the subject properties based upon a reconsideration of reproduction cost, the new valuations should not be less than those requested in the petitions (*see* RPTL 720 [1] [b]). In the event that such recalculation is not shown to be warranted, the Supreme Court should modify the valuations of tax parcels 646-9999-107.700-1012, 646-9999-107.700-1071, and 72-8-2, to the amounts set forth in the petitions relative to these tax parcels for the tax years 2001 through 2004.

The parties' remaining contentions with respect to the Town's appeal are without merit.

The cross appeals must be dismissed as abandoned, as the petitioner did not raise any arguments relating to the order or the judgment in its brief (*see Matter of West Bushwick Urban Renewal Area Phase 2*, 50 AD3d 695, 696 [2008]; *M & W Registry, Inc. v Shah*, 46 AD3d 771 [2007]; *see also* 22 NYCRR 670.10-c). Skelos, J.P., Austin, Roman and Sgroi, JJ., concur.

Motion by the Assessor of the Town of Newburgh, the Board of Assessment Review of the Town of Newburgh, and the Town of Newburgh on appeals and cross appeals from an order and a judgment of the Supreme Court, Orange County, dated March 2, 2007, and December 23, 2008, respectively, to dismiss the cross appeals, in effect, as abandoned, and to strike the reply brief of Central Hudson Gas and Electric Corporation as constituting an unauthorized surreply. By decision and order on motion of this Court dated February 25, 2010, the motion was held in abeyance and referred to the panel of Justices hearing the appeals and cross appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals and cross appeals, it is

Ordered that the branch of the motion which was to dismiss the cross appeals from the order and the judgment, in effect, as

abandoned is denied as academic in light of our determination on the appeals and cross appeals; and it is further,

Ordered that the branch of the motion which was to strike the reply brief of Central Hudson Gas and Electric Corporation is granted, and the reply brief of Central Hudson Gas and Electric Corporation is stricken and has not been considered on the appeal. Skelos, J.P., Austin, Roman and Sgroi, JJ., concur.