■ In the Matter of JONSHER REALTY CORP./MELBA, INC., Respondent, v BOARD OF ASSESSORS et al., Appellants. [988 NYS2d 203]—

In a proceeding pursuant to CPLR article 78, in effect, in the nature of mandamus to compel the calculation of transition assessments for two parcels of real property for tax year 2007/2008 and thereupon to compel the refund of overpayments of taxes, the appeal is from a judgment of the Supreme Court, Nassau County (Adams, J.), dated June 13, 2012, which granted the petition and directed the calculation of the transition assessments and the issuance of an appropriate refund.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.

The petitioner comprises the owner and lessee of two parcels of real property in the Town of Hempstead. The parcels were the subject of previous proceedings pursuant to RPTL article 7 challenging the assessments for the tax years 1998/1999 through 2006/2007. Those proceedings were consolidated, after which the Supreme Court granted the RPTL article 7 petition, and directed a reduction of the assessments and refund of overpayments, a determination that we affirmed on appeal (*see Matter of Rainbow Diner v Board of Assessors*, 71 AD3d 901 [2010]).

The petitioner thereafter commenced this proceeding pursuant to CPLR article 78, in effect, in the nature of mandamus, to compel the Board of Assessors and/or the Assessor of the County of Nassau and the Board of Assessment Review (hereinafter collectively the appellants) to calculate transition assessments pursuant to RPTL 1805 (3) for tax year 2007/2008, and thereupon to refund any overpayments. The petitioner alleged that it was entitled to transition assessments that would phase in the increases of the assessed value for tax year 2007/2008 that were

triggered by the assessment reductions that had been granted for tax year 2006/2007. The Supreme Court granted the petition.

"Ordinarily, the proper method for challenging excessive or unlawful real property tax assessments is by the commencement of a tax certiorari proceeding pursuant to article 7 of the Real Property Tax Law" (*Matter of Level 3 Communications, LLC v DeBellis*, 72 AD3d 164, 173 [2010]). Such a proceeding is properly commenced after exhaustion of the administrative grievance remedies, and within 30 days after the filing of the final assessment roll (*see* RPTL 702 [2]; *Matter of Level 3 Communications, LLC v DeBellis*, 72 AD3d at 176-177). An "excessive assessment" subject to review pursuant to RPTL article 7 includes an assessment of a special assessing unit that fails to comply with the limitations on increases in assessed value set forth in RPTL 1805 (*see* RPTL 701 [4] [d]; 706 [1]; *Matter of O'Shea v Board of Assessors of Nassau County*, 29 AD3d 1002 [2006], *affd* 8 NY3d 249 [2007]; *Matter of Meadowbrook Plaza Assoc. v Board of Assessors*, 174 AD2d 744 [1991]; *Niebuhr v Board of Assessors of County of Nassau*, 143 AD2d 989 [1988]; *South Seas Yacht Club v Board of Assessors & Bd. of Assessment Review of County of Nassau*, 136 AD2d 537 [1988]).

Collateral attacks on assessments are proper where the jurisdiction of the taxing authority is challenged, the tax itself is claimed to be unconstitutional (*see Niagara Mohawk Power Corp. v City School Dist. of City of Troy*, 59 NY2d 262, 263, 269 [1983]; *Matter of Krugman v Board of Assessors of Vil. of Atl. Beach*, 141 AD2d 175, 179-180 [1988]), or the challenge is to "the method employed in the assessment of several properties rather than the overvaluation or undervaluation of specific properties" (*Matter of Woodland Estates, LLC v Soules*, 79 AD3d 942, 943 [2010]; *see Matter of Dudley v Kerwick*, 52 NY2d 542 [1981]). None of these exceptions to the exclusive applicability of RPTL article 7 are present here, since the petitioner challenged, as excessive, the assessments of specific parcels of property by virtue of the appellants' failure to comply with RPTL 1805 (*see* RPTL 701 [4] [d]).

The petitioner contends that, nonetheless, the commencement of a CPLR article 78 proceeding within the time provided for by CPLR 217 is the proper vehicle by which to compel the requested transition assessments because recalculation of the 2007/2008 assessments only became necessary after the assessments for the previous tax year were reduced by the Supreme Court and that reduction was affirmed pursuant to our decision and order in *Matter of Rainbow Diner v Board of Assessors* (71

AD3d 901 [2010]). We reject this contention, since the petitioner was required to timely exhaust administrative remedies applicable to tax certiorari proceedings, and its challenge was subject to the limitations period of RPTL 702 (2). In *Matter of Scellen v Assessor for City of Glens Falls* (300 AD2d 979, 980 [2002]), the Appellate Division, Third Department, had the occasion to interpret an analogous statute that freezes certain assessments for three years following a judicial reduction of those assessments (*see* RPTL 727). The petitioner there successfully obtained a reduction of her 1998 assessment, and thereafter sought reductions in the assessments for the following three years pursuant to RPTL 727. The Court affirmed the denial of the petitioner's motion for such relief, concluding that the statutory scheme evinced a clear legislative intent that separate RPTL article 7 proceedings be timely commenced to challenge each tax assessment for which relief is sought. Accordingly, the petitioner was required to timely commence individual RPTL article 7 proceedings to challenge the assessments for each of the ensuing years, even though her challenge to the 1998 assessment was pending, and was not permitted to await the outcome of her challenge to the 1998 assessment. Having failed to timely commence individual RPTL article 7 proceedings for each year subsequent to 1998, she was not entitled to relief for those years.

We find the Third Department's analysis to be persuasive here. Having sought reductions to the assessments of its parcels of property for tax year 2006/2007, the petitioner knew or should have known that a successful outcome to that consolidated proceeding could entitle it to transition assessments in ensuing years, and that judicial resolution of the consolidated proceeding would take several years. To preserve its challenge to the assessments for the tax year 2007/2008, the petitioner was required to exhaust its administrative remedies by filing a timely grievance with the Nassau County Assessment Review Commission (hereinafter the ARC) pursuant to the Nassau County Administrative Code in the period between the publication of the tentative assessment roll and the final assessment roll for that tax year (*see generally Matter of Seidel v Board of Assessors, County of Nassau*, 88 AD3d 369, 373-374 [2011]; Nassau County Administrative Code §§ 6-7.0, 6-40.3, 6-40.4) and, if no relief was awarded by the ARC, to thereafter timely commence a separate RPTL article 7 proceeding to challenge those assessments no later than 30 days after the filing of the final assessment roll (*see* Nassau County Administrative Code §§ 6-17.2, 6-17.3; *cf.* RPTL 704 [3] [commencement of tax certiorari proceeding does not stay further administrative proceed-

ings initiated by assessors or entities such as an assessment review commission]). Having failed to do so, the petitioner is not entitled to relief for that tax year.

In light of our determination, the appellants' remaining contention has been rendered academic. Skelos, J.P., Lott, Roman and LaSalle, JJ., concur.