Matter of Bruck v Assessor (2025 NY Slip Op 00090)

Matter of Bruck v Assessor

2025 NY Slip Op 00090

Decided on January 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
JANICE A. TAYLOR
CARL J. LANDICINO, JJ.

2022-04250
 (Index No. 400581/20)

[*1]In the Matter of Craig Bruck, respondent, 
v
Assessor, et al., appellants.

Thomas A. Adams, County Attorney, Mineola, NY (Robert F. Van der Waag of counsel), for appellants.
Farrell Fritz, P.C., Uniondale, NY (Michael Guerriero, Arthur K. Feldman, Becky [Hyun Jeong] Baek, and Shane Magnetti of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Real Property Tax Law article 7 to review a real property tax assessment for the 2019/2020 tax year, the appeal is from a judgment of the Supreme Court, Nassau County (Vito M. DeStefano, J.), entered April 21, 2022. The judgment, upon an order of the same court dated March 2, 2022, granting the petitioner's motion for summary judgment determining that the 2019/2020 assessment of the subject property was excessive, inter alia, annulled and set aside the 2019/2020 assessment of the subject real property, directed that the subject real property be assessed at a certain value, and directed the correction of the tax roll in accordance with the judgment.
ORDERED that the judgment is affirmed, with costs.
In February 2020, the petitioner commenced this proceeding pursuant to Real Property Tax Law article 7 to review the tax assessment for the 2019/2020 tax year on his real property located in Nassau County (hereinafter the subject property), alleging, inter alia, that the assessment was excessive and in violation of Real Property Tax Law § 1805(1). The petitioner moved for summary judgment determining that the 2019/2020 assessment of the subject property was excessive. In an order dated March 2, 2022, the Supreme Court granted the motion. In a judgment entered April 21, 2022, upon the order, the court, among other things, annulled and set aside the 2019/2020 assessment of the subject property, directed that the subject property be assessed at the value of $1,322, a six percent increase from the previous assessment, and directed the correction of the tax roll in accordance with the judgment. The Assessor, the Board of Assessors, and the Assessment Review Commission of the County of Nassau (hereinafter collectively the appellants) appeal.
RPTL 1805(1) provides, in relevant part, that "[t]he assessor of any special assessing unit shall not increase the assessment of any individual parcel classified in class one in any one year, as measured from the assessment on the previous year's assessment roll, by more than six percent." Moreover, RPTL 1805(5) provides "in pertinent part as follows: 'Nothing in this section shall prevent placing on the assessment roll new property, additions to or improvements of existing property or formerly exempt property . . . and such increase or decrease in value shall not be included in the computation of the limitations prescribed by this section' (i.e., the transitional computations [*2]set forth in RPTL 1805[3])" (Niebuhr v Board of Assessors of County of Nassau , 143 AD2d 989, 991). Accordingly, "[r]eal property is 'new' when it appears on the tax rolls for the first time" (id. at 991-992; see RPTL 546[6]).
Here, the petitioner met his burden of establishing, prima facie, that the appellants violated RPTL 1805(1) when they increased the subject property's tax assessment by 83.5% in the 2019/2020 tax year (see Niebuhr v Board of Assessors of County of Nassau , 143 AD2d at 991). The petitioner submitted the subject property's 2019 and 2020 property cards, which demonstrated that the subject property was designated as class one, subject to the six percent cap, and that the tax assessment was increased in 2019/2020 by 83.5%, from $1,247 to $2,288. He also submitted a certificate of occupancy from November 2015, which evinced that construction on the subject property was complete and certified by the Village of Flower Hill Administrator in 2015, and a 2015 survey of the subject property, which detailed the additions to the subject property as they were reflected in the 2020 property card.
In opposition, the appellants failed to raise a triable issue of fact. The appellants did not deny any of the facts put forth by the petitioner's submissions, and instead, the appellants' submissions demonstrated that they failed to inspect the subject property until 2017 and increased the tax assessment for the subject property by 83.5% for the 2019/2020 tax year rather than the 2017/2018 tax year.
The appellants' remaining contentions are without merit.
Accordingly, the Supreme Court properly granted the petitioner's motion for summary judgment determining that the 2019/2020 assessment of the subject property was excessive under RPTL 1805(1).
DILLON, J.P., GENOVESI, TAYLOR and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court